# WILLIAM HARWOOD *vs.* THOMAS J. MARSHALL.

A motion to *quash* an alternative *mandamus* may be made and heard *before* the return, and the party making the motion is not *bound* to present his objection in the *form of a return* to the writ.

A *mandamus* case is not within a rule of the court below, referring to causes on the *trial calender*, and that court, in the exercise of its *discretion*, may entertain the case on the *first day of the term*, and if the exigency of the case requires it, provide for the return of the alternative writ, at an early day during the same term.

Writs of *mandamus* are not *term writs*, returnable only at the next term after they are issued; they may be made returnable during the same term, and the fixing of the *time* for their return, is *always* within the *sound discretion* of the court.

Upon appeal in the case of an application for a *mandamus* to admit a party to a public office, the appellate court reversed the order awarding the writ, upon the ground that the certificate of the Governor, then filed, did not show that the applicant had *subscribed* the oaths of office, and sent the case back under a *procedendo.* Afterwards a *certificate* supplying this defect *"was filed,"* as the record states, in the court below, and thereupon that court ordered the writ to issue. Upon appeal from this order, HELD:

1st. That though the record does not set out, in terms, *by whom* this certificate was filed, yet being, in fact, filed in the case and appearing in the record, the fair legal intendment is, that it was filed by the *applicant*, and furnished the ground on which the court acted.

2nd. Under this *procedendo*, it was not necessary for the applicant to begin *de novo*, by filing a new petition, nor to amend the one originally filed, and obtain a new rule to show cause, if the original application contained sufficient allegations, when taken in connection with the Governor's certificate, to show the court that the oaths of office have been legally taken and *subscribed.*

In this State, where the *return* to an alternative *mandamus*, to admit the applicant to a public office, states on its face, with precision and certainty, facts sufficient in law to justify a refusal of the peremptory writ, such facts are not *traversable,* and whether true or false the *return* is *conclusive,* and the writ is *denied;* the only remedy, if the facts alleged in the return are *untrue,* is an action on the case for a *false return.*

The return, to be *sufficient*, must answer the writ with the *strict* and *technical* precision, required by the ancient rules of the common law; its averments must have *certainty to every intent*, or the same as in *estoppels, indictments* or returns to writs of *habeas corpus;* it must set out *facts* and not state *conclusions* only: if it denies the supposal of the writ, the traverse must be *single*, *direct* and *certain*, and if the facts averred strictly construed as stated, may be true consistently with the truth of the suggestion of the writ, the return is bad.

An alternative writ of *mandamus,* stated that the petitioner "hath taken and subscribed the oaths of office, as prescribed by the constitution and laws for the State Librarian." The *return* states, that the respondent knows nothing of the qualification of the petitioner, except from his pretences, "and saving and excepting also, that from an inspection of the books in the office of the Governor of the State, it appears, *and this respondent so avers the fact to be,* that the said "petitioner" did not take and subscribe the oaths of office required by the constitution and laws, to be taken and subscribed by him *before the Governor of the State, in manner and form as directed by the constitution and laws.*" HELD:

1st. That this return is *evasive:* the averment amounts to no more than an allegation of a fact, derived from the inspection of the books, or is, at least, *ambiguous:* the words, "*and this respondent so avers the fact to be,*" are susceptible of being construed to refer either to the *qualification* itself, or to *what appears from the books,* and the return is therefore bad for want of the requisite *certainty.*

2nd. The averment, (supposing it to refer to the qualification,) that the petitioner did not take and subscribe the oaths, "*before the Governor of the State, in manner and form as directed by the constitution and laws,*"states a *conclusion of law,* when it ought to set out the *facts,* showing the manner and form of taking and subscribing the oaths, so that the court may judge of their sufficiency in law, and is, therefore, bad.

3rd. The traverse is *immaterial,* it having been decided upon a former appeal in this case, that the qualification for this office may be sufficiently evidenced by the certificate of the Governor, although no record thereof be made in any book.

The constitution having provided, that the term of office of the State Librarian shall be for two years, "*and until his successor shall be elected and qualified,*" it is no objection to a writ of *mandamus,* at the instance of a party duly elected and qualified, that the *two years* had elapsed before it was issued, it not appearing that any successor has been elected and qualified.

APPEALS from the Circuit Court for Anne Arundel county.

This was an application, by the appellee, for a rule upon the appellant to show cause why a *mandamus* should not issue, commanding him to surrender to the petitioner the office of State Librarian, and is the *fourth* time the case has been brought to this court. The facts and proceedings in the case, and the previous adjudications threon, are reported in 5 *Md. Rep.,* 423; 7 *Do.,* 466, and 9 *Do.,* 83. In the last case the order of the court below granting a *peremptory mandamus* was reversed, and the cause sent back upon a *procedendo,* under which the proceedings giving rise to the present appeals were had.

*1st Appeal.* The *procedendo* record was filed in the court below on the 19th of August 1856, and on the 27th of October following, as the present record states, *"was filed the following certificate,"* being the certificate of the Governor, set out in the opinion of this court. On the next day, during the October term of the court, Marshall filed a written application to the judge, asking him to pass such order in the case as was indicated by the Court of Appeals in their opinion, but the court continued the case until the April term, upon the ground that the thirty days' notice, required by the act of 1790, ch. 42, sec. 1, in order to a trial of *procedendo* cases at the first term, had not been given. On the 14th of January 1857, Marshall filed in the case a notice, (served the same day upon Harwood,) that he should move for the trial of the cause, and proceed to the trial thereof on the *first day* of the next April term, and accordingly, on the 20th of April, the first day of the term, moved for an *alternative mandamus,* which, on the 21st, the court ordered to be issued, returnable on the 22nd. The writ was issued and served upon Harwood on the 21st. It states that: "Whereas Thomas J. Marshall was duly elected into the place and office of State Librarian of the State of Maryland, according to the constitution and laws of this State, and hath given bond as required by the said constitution and laws, which hath been lawfully approved, and hath taken the oaths of office as prescribed by the said constitution and laws for the State Librarian," into which place he ought to be admitted, and then commands Harwood to admit him without delay, or show cause to the contrary. On the return day Harwood appeared and moved to quash the writ:

1st. Because the motion for issuing it was made on the first day of the term, before the trial docket had been taken up for peremptory call, and was entertained by the court, and the writ issued; whereas, by the rules and practice of the court, and especially its 5th rule, passed for the orderly dispatch of its business, the case ought to be entered and stand in its proper place on the *trial* calender, and called in its proper order, and the defendant was not bound to take notice of, or prepare for, any proceeding to be made in the cause until it was so called.

2nd. Because the motion, so made out of season and improvidently, hath taken the defendant by surprise, and in the absence of his counsel, so that he hath been unable to show cause against the motion as he might have done.

3rd. Because the writ states that the petitioner hath title to and ought to be admitted into the place and office of State Librarian, whereas it manifestly appears from the transcript of the record sent here from the Court of Appeals, with the writ of *procedendo*, and the judgment of the court thereupon, that he hath not title to said office and cannot be lawfully admitted into the same.

4th. Because the writ issued on the 21st, and was made returnable on the 22nd, of April, thus allowing the defendant but one day to consider and prepare his return; whereas, by the law of the land and the course of the court, it ought to have been made returnable to the next term, and if the court had power to dispense with this law, the brief space of time allowed renders it impossible for the defendant to make a considerate defense, which is contrary to law, and especially to the 17th Article of the Declaration of Rights, which, whilst it assures to a plaintiff the administration of justice speedily, without delay, also secures to the defendant the privilege of making his defense fully, without denial.

5th. Because the writ, in many other particulars, is manifestly erroneous and defective.

The court, (Brewer, J.,) overruled this motion to quash, and from this judgment Harwood appealed.

*2nd Appeal.* Harwood then, on the same day, (22nd of April,) filed a return, under oath, to the writ, alleging, that Marshall, by his proceedings, "hitherto hath failed to show any title to said office, and, by sundry judgments of the Court of Appeals, this respondent hath been protected in the enjoyment of said office, and this respondent now respectfully submits, that as the term of office which is pretended by said Marshall is, by his own showing, about to expire in one day after the return day of the said writ, and, as it is alleged by one Llewellyn Boyle, that during the late session of the General Assembly he was duly elected State Librarian, and hath

duly qualified as such, and will be entitled to enter thereupon at the expiration of the said term of office pretended by the said Marshall, he, this respondent, ought not, at this late day, to be involved in a new litigation with the said Marshall touching his alleged title to said office. This respondent knows nothing of the qualification of the said Marshall to the said office of State Librarian, saving and excepting from the pretences of the said Marshall, as set forth by him in these proceedings; and saving and excepting, also, that from an inspection of the books in the office of the Governor of the State it appears, and this respondent so avers the fact to be, that the said Marshall did not take and subscribe the oaths of office, required by the constitution and laws to be taken and subscribed by him before the Governor of the State, in manner and form as directed by the constitution and laws;" and after averring his own election and admission to the office, and that it was his duty to hold the same until his successor shall be elected and qualified, and as Marshall hath not shown that he has been duly elected and qualified, the respondent submits, that he cannot lawfully admit Marshall into the office.

After this return had been filed, Marshall, on the same day, moved for a *peremptory mandamus,* and, on the next day, (23rd of April 1857,) the court adjudged the return to be insufficient, and ordered the peremptory writ to issue forthwith, returnable by or before four o'clock P. M. of that day. From this order Harwood appealed, and filed an appeal bond, upon execution of which the court ordered a stay of execution upon the final order.

The cause was argued before Le Grand, C. J., Eccleston, Tuck and Bartol, J.

*Wm. Harwood* and *Thos. S. Alexander.* for the appellant, argued :

1st. That the alternative *mandamus* was improperly issued, and ought to have been quashed:—1st. Because the case was regularly on the trial docket, and, according to the rules of the court, ought to have been called in regular order. 2nd.

Because Harwood was entitled to prior notice of the intention of the party to move in the cause out of its regular order. 1 *H. & J.*, 480, 481, *Brosius vs. Reuter*. 3rd. Because the motion for the *mandamus* was made on the record remitted under the *procedendo*, which record this court had *declared to be insufficient*, and had adjudged that Marshall was *without title to the office*. There appears in the record a certificate of the Governor, to the effect that Marshall had taken and subscribed the oaths of office before him, but it is not shown *how that paper got into the record*, nor for what purpose, nor that it was used on the motion for the *mandamus*. And if that paper was filed as additional evidence of Marshall's title, then there ought to have been a *new rule* on Harwood to show cause. When the case went back under the *procedendo* the rule *nisi* was *functus officio*, and Marshall should have proceeded by a *new application*. He might have moved again on the *same affidavit*, but if he *amends* his affidavit there must be a *new rule* to show cause. 3 *Chitty's Gen. Pr.*, 547, 549. In order to amend his case he must amend the *affidavit*, and you cannot go into evidence outside of the *affidavit* for the purpose of establishing the ground for the writ. 48 *Eng. C. L. Rep.*, 598, *Queen vs. Great Western Railway Co.* 9 *Smedes & Mar.*, 90, *Board of Police vs. Grant*. But, in fact, he never applied for leave to amend, and never obtained such leave. There being then no *new rule laid*, and no amendment of the application, it is clear the writ is defective, because it did not *follow the rule*, as it should have done. 2 *Strange*, 879, *King vs. Wildman*. 8 *Mod.*, 209, *King vs. Mayor of Kingston*. The writ cannot state a *better case* than that made by the rule, and the rule, as it now stands, that is, the petition and affidavit, do not state that Marshall has *subscribed* the oaths of office. This clearly shows the necessity for an amendment of the application, and a *new rule* for the writ to follow, showing that he had subscribed the oaths. 4th. Because the writ ought to have been made returnable to the succeeding term. An alternative *mandamus* is a *term writ*, and in all the cases is made returnable at the next term. 2 *Har. Ent.*, 704, 705, 708. But, at all events, Harwood

was entitled to a *reasonable* time within which to prepare his return, which was not given him here.

But it is objected that the motion to quash was not made at the proper stage of the case;—that it should have been made *after* the return. *Cui bono*, make a return and then move to quash? It is submitted that such is not the law. *5 Term Rep.*, 74, 75, *King vs. Mayor of York.*

2nd. That the return to the alternative *mandamus* was sufficient, as it denies the due qualification of Marshall. If the return is *sufficient*, there is an end of the proceedings upon the *mandamus*, and Marshall is driven to his action for a *false return.* 3 *Bl. Com.*, 111. 1 *H. & J.*, 557, *Brosius vs. Reuter.* The only question then is, is this a *good return?* The writ avers, that Marshall *"hath* taken and subscribed the oaths of office *as* prescribed by the said constitution and laws for the State Librarian." The return avers, that Harwood knows nothing of Marshall's qualification, except from the pretences set forth by him in these proceedings, "and saving and excepting, also, that from an inspection of the books in the office of the Governor of the State, *and this respondent avers the fact so to be,* that the said Marshall did *not take and subscribe* the oaths of office *required by the constitution and laws* to be taken by him before the Governor of the State, *in manner and form as directed by the constitution and laws."* This is a direct averment of *the fact* that Marshall did *not* take and subscribe the oaths of office *as* required by the constitution and laws: it is a direct and positive denial, in as precise and definite terms as can be used, of the allegations in the writ:—it *answers the writ*, is a direct *traverse* of it, and upon all the authorities is sufficient. See 2 *Showers*, 154, *King vs. Sheriff of York.* 1 *Do.*, 253, *King vs. Hill.* 1 *Douglas*, 80, *King vs. Lyme Regis*, and same case, *Ibid.*, 149, and *Ibid.*, 177. *Cowp.*, 414, *King vs. Church Wardens of Taunton.* 2 *Term Rep.*, 456, 461, *King vs. Mayor of Cambridge.* 1 *H. & J.*, 557, *Brosius vs. Reuter.* 11 *Eng. C. L. Rep.*, 68, *Weathrell vs. Howard.* 5 *Mod.*, 316, *King vs. Slatford.* *Ventris*, 342, 343, *Pepis' case.* 2 *Salk.*, 433, *Regina vs. Twitty, et al.* 2 *Raymond*, 1008, *Regina vs.*

*Guise. Carth.*, 170, *Lambert's case.* 10 *Pick.*, 59, *Springfield vs. Hampden.* 1 *Cons. Rep.*, *( S. C.,)* 182, *State vs. Bruce.* 9 *Smedes & Mar.*, 90, *Board of Police vs. Grant.* 2 *Comstock*, 490, *People vs. Ransom. Stephen's Pl.*, 190.

3rd. That it is apparent the term for which Marshall was elected had *expired* before the award of the peremptory *mandamus*, and his title therefore, if he had any, was determined. In his application he avers, that Harwood's term expired on the 23rd of April 1855, "at *which time*" Marshall's term of office "*legally commenced.*" His constitutional term of two years, therefore, expired on the 22nd of April 1857. 2 *Cowp.*, 714, *Pugh vs. Duke of Leeds.* 6 *Mees. & Wels.*, 48, *Young vs. Higgon*, and cases there cited. Marshall having then no title at the time the writ issued, and certainly none at the time of the trial of this appeal, it would be contrary to Harwood's duty, and there can be no propriety in this court's now ordering him, to surrender the office to one who, by his own showing, has no title at this time to hold it.

*Alex. B. Hagner* for the appellee, argued:

1st. That the motion to quash was properly overruled, and that the several reasons assigned in support of the motion were insufficient:—1st. The cause never was on the trial docket, and *mandamus* cases are never placed there in the court from which these appeals are taken. No rule of the court is shown in the record prescribing any order of proceeding with the dockets. 2nd. Harwood had full notice of Marshall's intention to call up the case on the first day of the April term. 3rd. The certificate of the Governor was filed in the case when it was before the circuit court in October last, and the court was right to act upon it. 9 *Md. Rep.*, 101, *Harwood vs. Marshall.* 4th. The court had a *discretion* as to the return day of the alternative *mandamus*, and the exigency of the case justified the naming of a short day. *Tapping on Mandamus*, 329, 330. 1 *Iredell*, 129, *State vs. Jones.* 4 *H. & McH.*, 429, 431, 432, *Runkel vs. Winemiller.* 2 *Md. Rep.*, 343, *Watkins vs. Watkins.* There is no authority which says that this is a *term writ*, and that it must be return-

able to the *next term*. Each case must depend upon its own circumstances, and fixing the return day is left to the *discretion* of the court. 5th. But the court was right in refusing to quash, on the additional ground, that the motion to quash was not made at the proper time. When the *return* is *made* and *filed, then* the party may *move to quash the writ*. *Ev. Pr.*, 405.

2nd. That the return is not sufficient. The statute of *9th Anne, ch.* 20, so [far as applicable to such a case as this, has never been adopted in this State, and in construing this return we are, therefore, left to the rules of the common law. Applying these rules the return is clearly insufficient:—1st. It is not *certain:* it does not deny the qualification *positively.* The words, *"and this respondent so avers the fact to be,"* in the connection in which they are used, *may* refer to what *appears* on the books in the office of Governor, and thus amount to no more than an allegation of a fact derived from an inspection of those books. They are, at least, susceptible of such construction, and, therefore, make the return evasive and ambiguous, and wanting that *certainty* which the law requires in such cases. 6 *Bac. Abr.*, 447, *Title Mandamus, letter (J.)* 7 *Johns.*, 550, *People vs. Collins.* 1 *H. & J.*, 557, *Brosius vs. Reuter.* 4 *H. & McH.*, 429, *Runkel vs. Winemiller.* 1 *Sergt. & Rawle*, 254, *Green vs. African Methodist Society.* 2nd. The traverse is too large and states a *conclusion of law.* It does not follow the writ:—the words, *"before the Governor of the State,"* are not in the writ; and the allegation, that Marshall "did not take and subscribe the oaths required by the constitution and laws to be taken and subscribed by him *before the Governor of the State*, in manner and form as directed by the constitution and laws," is clearly stating a *conclusion of law*, whereas the return should simply state the *facts* in regard to the manner of the qualification, leaving the court to decide its sufficiency in law. *Tapping on Mandamus*, 349, 350. Besides, it was decided on the former appeal, 9 *Md. Rep.*, 102, that the Governor's *certificate* was sufficient evidence of qualification, whether recorded in a book or not, and indeed the *Governor* is not required, by the act of 1852, ch. 172, sec.

3, to keep books containing the record of such qualification. 3rd. The denial in the return is a negative pregnant, and, therefore, faulty. *Tapping*, 349, 352, 353, 355, 357, 359, 373. 1 *Doug.*, 79, *King vs. Lyme Regis.* *Siderfin*, 209, *King vs. Hereford*, and the same case in 1 *Keble*, 716. 5 *Term Rep.*, 75, *King vs. Mayor of York.* 1 *Keble*, 733, *King vs. Corporation of Maidstone.* 53 *Eng. C. L. Rep.*, 46, *Queen vs. Mayor of Weymouth.* 4th. The return is evidently for *delay* alone, and the court will order the writ when this is the case. *Tapping*, 372. 5th. All these objections to the taking and subscribing of the oaths could have been raised by Harwood on the former applications, and, therefore, will not be listened to now. *Tapping*, 302. 33 *Eng. C. L. Rep.*, 90, *Rex vs. Nottingham Water Works.*

3rd. The court had jurisdiction to award the peremptory writ, even if Marshall's term had expired. But his term was not ended on the 23rd of April:—1st. Because the two years did not expire until the 24th or 25th of April. 6 *Mees. & Wels.*, 49, *Young vs. Higgon.* 9 *B. Monroe*, 192, *Smith vs. Cassity.* 1 *Ball & Beat.*, 193, *Dowling vs. Foxall.* 5 *Richardson*, 299, *State vs. Schnierle.* 4 *Greenlf's Rep.*, 298. *Windsor vs. China.* 2nd. Because, by the 7th section of the 7th article of the constitution, his term continues until his successor has been elected and qualified, and there is no evidence in this record that such is the case.

BARTOL, J., delivered the opinion of this court.

The original application made by the appellee, for a rule to be laid on the appellant, to show cause why a *mandamus* should not issue, commanding him to surrender to the petitioner the office of State Librarian, was made on the 11th day of April 1856; and the proceedings which were thereupon had are fully stated in the case, between the same parties, in 9 *Md. Rep.*, 83. In that case the judgment of the circuit court, awarding the peremptory writ of *mandamus*, was reversed for the reasons therein stated, and the cause was sent back on *procedendo.*

The *procedendo* being filed in the circuit court for Anne

Harwood *vs.* Marshall.

Arundel county, an additional certificate of the Governor was filed, as follows:

"*State of Maryland, to wit:*

I, T. Watkins Ligon, Governor of Maryland, do certify, that Thomas J. Marshall duly qualified before me as State Librarian, on the 24th day of April 1854, and on the 24th day of April 1855, by taking and subscribing before me, the oaths of office required to be taken by the State Librarian, according to the constitution and laws of this State, and that since the 18th day of January 1856, he deposited in the Executive Chamber, his bond, as State Librarian, dated 19th day of April 1855, and approved by the Committee of the Senate and House of Delegates on the Library.

Given under my hand and the great seal," &c.

Thereupon that court, on the 21st day of April 1857, being the second day of the April term, directed an alternative writ of *mandamus* to be issued, returnable the following day, at which time the appellant appeared, and filed a motion to quash the writ, assigning in support of the motion several reasons, which will be hereafter more particularly noticed. The motion being overruled, the appellant excepted to the ruling of the court, and entered his appeal therefrom.

The appellant then filed on the same day his return to said writ, which being adjudged insufficient, the court proceeded, on the 23rd day of April 1857, to award the peremptory writ of *mandamus* against the appellant, and thereupon the second appeal was entered.

Both appeals are before us, and it is necessary, for the determination of the cause, that the questions involved in each be decided.

We consider that the motion to quash was made at the proper time; the respondent was clearly entitled to be heard on that motion at that stage of the cause, and was not bound to present his objections in the form of a return to the writ. *Tapping's Mandamus*, 338. 5 *Term Rep.*, 74, 75.

But in the opinion of this court, the reasons assigned were insufficient, and the circuit court properly overruled the motion.

A proceeding of this kind is not within the rule of the cir-

cuit court, referring to causes on the trial calendar, and it was perfectly competent for that court, in the exercise of its discretion, to entertain the case on the first day of the term, and considering the exigency of the case, to provide for a return of the alternative writ, at an early day during the same term. The record discloses the fact, that more than three months previous notice was given to the defendant, of the appellee's intention "to move for the trial of the cause, and proceed to the trial thereof," on the first day of the next April term, so that there is no foundation for the pretense of surprise on his part.

Writs of *mandamus* are not and never have been considered as term writs, to be made returnable only at the next term after they are issued; on the contrary, a reference to the cases will show that they may be made returnable during the same term in which they are issued, and there is no rule of law fixing the time when they are to be made returnable—that is at all times within the sound discretion of the court. The 1st, 2nd and 4th reasons assigned in support of the motion, we consider, therefore, as furnishing no legal ground in this case for quashing the writ.

The third reason we think is alike without force: That is based upon the idea, that it was necessary for the appellee to begin *de novo*, by filing a new petition, or amending the one originally filed, and obtaining a new rule to show cause; and that he was in error in *proceeding upon the procedendo;* and that the effect of the decision of this court, above referred to in 9 *Md. Rep.*, was to adjudge that the appellee was without title to the office.

Now the grounds of that decision were:

1. That the appellee, as it then appeared, was not entitled to be admitted into the office, because the certificate of the Governor then filed, did not show that he had *subscribed* the oaths of office as required by law.

2. That the court below erred in issuing a peremptory writ of *mandamus*, without having first issued the writ in the alternative form.

The latter objection cannot now be urged; and with regard

to the first, this record shows that before the alternative writ was issued, there was filed in the cause the further certificate of the Governor, which has been above stated at length.

That supplied the necessary proof of qualification which had before been wanting, and although it has been strenuously objected, that the record does not set out in terms by whom the same was filed, it is certainly a fair legal intendment, that being in fact filed in the cause, and appearing upon the record, it was filed and exhibited by the appellee in support of his petition, and furnished the ground on which the court acted.

It was not necessary to amend the original petition; the allegation therein contained, "that he has taken before the Governor, the oaths prescribed by the constitution and laws, as appears by the Governor's certificate," and the further allegation, "that he is *qualified* and prepared to enter upon the duties of the office," are sufficient, when taken in connection with, and supported by, the full and particular certificate of the Governor, to show to the court that the oaths have been legally taken and subscribed.

The motion to quash being properly overruled, the defendant was required to make return to the writ; and upon the sufficiency of the return, the decision of this cause must depend.

In this State, the proceedings in *mandamus* in such a case as the one before us, are governed entirely by the rules and principles of the common. law. The office in question is a public office, and not within the provisions of the statute of 9*th Anne, ch.* 20; nor of the act of Assembly of 1828, ch. 78.

If the return state upon its face with precision and certainty, facts which are sufficient in law to justify the court in refusing the writ, the facts alleged are not traversable, and whether they be true or false, the return is conclusive, and the writ is denied. The only remedy, if the facts alleged in the return be untrue, is by action on the case for a false return. 1 *H. & J.*, 557.

Such is the ancient and well settled principle of the common law governing this case, and remaining to this day unaltered by any statutory enactment in Maryland.

The authorities which must bind this court, and determine its judgment, are to be found in the abstruse, technical and almost forgotten learning of antiquity.· And there is no branch of the law, in which more technical precision and nice discrimination are found, than in the rules which govern the construction of returns to writs of *mandamus* at the common law.

Since the statute of *9th Anne,*˙and subsequent enactments in England, extending the provisions of that act to all cases of *mandamus,* the ancient rules have been greatly relaxed. The reason for the same strictness no longer existed, when the facts alleged by the return. were allowed to be traversed, and the issue to be tried. Here we are not permitted to relax the old rules. It is necessary that the return should answer the writ, with the strict and technical precision anciently required.

In the excellent treatise of *Tapping on Mandamus, p.* 353, it is said: "The averments of the return must be certain. The certainty required by the common law, is, by some of the cases, stated to have been *certainty to every intent,* and therefore greater certainty than is requisite to a plea. Other cases have decided, that the certainty or strictness which prevailed at common law, was the same as that which governed estoppels, indictments or returns to writs of *habeas corpus,* and as to them it is laid down, that nothing is to be taken or construed by intendment or inference, so that all material facts should be positively and distinctly alleged."

And the cases cited by the learned author sustain these principles. It is necessary that the facts relied on by the return, for the defendant's justification, should be set out, in order that the court may judge of their sufficiency. It is not sufficient to set out conclusions only. 2 *Burr.,* 731.

If the return deny the supposal of the writ, the traverse must be single, direct and certain. The rule being, that every distinct and material allegation contained in the writ, must, if it be intended to contradict them, be traversed." *Tap.,* 349. 1 *Keb.,* 716. *Ibid.,* 733. 1 *Shower.,* 282. *Ventris.,* 267. *Siderfin,* 209, 210. 1 *Doug.,* 80. *Ibid.,* 159. *Tap.,* 348, 349, 350, 351, 355, 357.

The question, in considering the sufficiency of a return by

Harwood *vs.* Marshall.

way of traverse must be, whether if the supposal of the writ be true, and sufficiently averred, an action for a false return can be certainly maintained against the defendant; or, in other words, if the facts averred in the return, strictly construed as stated, may be true consistently with the truth of the suggestion of the writ, then the return is vicious.

Let us apply these rules to the case before us:

The facts stated in the writ, are, that the petitioner "hath *taken and subscribed the oaths of office, as prescribed by the constitution and laws for the State Librarian.*"

The traverse in the return is as follows: "This respondent knows nothing of the qualification of the said Marshall, to the said office of State Librarian, saving and excepting, from the pretenses of the said Marshall as set forth by him in these proceedings, and saving and excepting, also, that, from an inspection of the books in the office of the Governor of the State, it appears, and this respondent so avers the fact to be, that the said Marshall did not take and subscribe the oaths of office, required by the constitution and laws to be taken and subscribed by him before the Governor of the State, in manner and form as directed by the constitution and laws." This is not a good traverse.

1st. It is evasive in not denying in direct terms, on the solemn oath of the respondent, the fact alleged in the writ; expressly disclaiming all knowledge of the fact, except from what is alleged, and from what appears from an inspection of the books in the office of the Governor, the averment amounts to no more than an allegation of a fact derived from the inspection of the books; or if this be not the true construction, the averment is at least ambiguous in its terms, the words, *"and this respondent so avers the fact to be,"* are susceptible of being construed to refer either to the *qualification* itself, or to *what appears from the books* of the Governor, and in this view, it is bad, as wanting the requisite certainty. If the defendant were sued for a false return, the latter construction might be insisted on, with great force, in defense of the action.

2nd. Construing those words as referring to the qualification, the averment is bad, because it states a *conclusion of law*, for

it does not "in terms follow the supposal or suggestion of the writ," but avers "that the said Marshall did not take and subscribe the oaths of office, required by the constitution and laws to be taken and subscribed by him, before the Governor of the State, in manner *and form as directed by the constitution and laws.*" This is stating a conclusion of law. The return ought to set out the facts, showing the manner and form of the taking and subscribing the oaths, so that the court may judge of their sufficiency in law. 1 *H. & J.*, 557.

Finally, the traverse is immaterial, this court having decided that the qualification of State Librarian may be sufficiently evidenced by the certificate of the Governor, although no record thereof be made in any book. 9 *Md. Rep.*, 101, 102.

For these reasons we concur in the opinion of the circuit court, that the return is insufficient and ought to be quashed, and that the peremptory writ of mandamus ought to issue.

By the 7th section of the 7th article of the Constitution, it is provided, that "the State Librarian shall be elected by the joint vote of the two branches of the Legislature, for two years, and until his successor shall be elected and qualified."

The appellee having been duly elected and qualified, and it not appearing that any successor has been elected and qualified, this court considers that, by the express provision of the constitution, his right to the office is still continuing, and therefore we do not admit the force of the objection to the writ urged on the part of the appellant, upon the ground that the term of two years mentioned in the constitution has elapsed.

*Judgment affirmed, with costs.*