GEORGE T. PENNINGTON, Mayor, et al. vs. J. LAW-
SON GILBERT et al.

*Mandamus—Sufficiency of Answer—Payments to City Sinking
Fund.*

A writ of mandamus must be issued as prayed, if it be issued
at all, and will not be issued at all where it would be nugatory.
p. 652

While the passage of the statutes simplifying the procedure
in mandamus cases has caused a general relaxation of the com-
mon law rules as to such proceedings, it has not obviated the
necessity for precision, nor has it entirely removed the strictness
with which the courts have always dealt with the pleadings in
such cases.                                        p. 654

When a petition for a writ of mandamus is filed, the answer
of the respondent must state positive and definite facts upon
which it relies in defense.  The conclusions of the pleader are
not sufficient, and if the answer consists merely of general state-
ments and conclusions, the relief will be granted.     p. 654

On a petition for mandamus to compel the disbursing officers
of a city to put a certain sum into the sinking fund, an answer
alleging that all the taxes for the year had been collected, ex-
cepting a few delinquent accounts, the receipts from which were
uncertain, and that no further receipts from taxes would be
possible until the next annual levy, so that the respondents
would be unable to comply with the writ if issued, *held* demur-
rable, it not setting out the amount or percentage of taxes un-
collected, the number of accounts in arrears, the names of those
who owed taxes, nor anything else from which the court could
pass on the collectability of such accounts, and it not stating
what measures had been taken to collect the unpaid taxes.
pp. 654-656

*Decided June 30th, 1925.*

Appeal from the Circuit Court for Harford County (HAR-
LAN, J.).

Mandamus proceeding by J. Lawson Gilbert and others, City Councilmen of the City of Havre de Grace, against George T. Pennington, Mayor, J. C. Hopkins, City Treasurer, and Albert Woods, City Clerk of said city. From an order sustaining a demurrer to the answer filed, and directing the writ to issue as prayed, the respondents appeal. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, and WALSH, JJ.

*Frederick Lee Cobourn,* for the appellants.

*A. Freeborn Brown* and *Shirley Carter,* for the appellees.

WALSH, J., delivered the opinion of the Court.

On October 5th, 1924, the City Council of Havre de Grace, a municipal corporation, duly passed a resolution directing the Mayor, City Treasurer, and City Clerk to put thirty-two hundred dollars of the city's funds into the sinking fund of said city to draw interest at four per cent., and to await the demand and requirement of the payment of the Havre de Grace Water Company's water bill for the years 1923 and 1924.

This order was not carried out, and on February 17, 1925, the four appellees, who constitute a majority of said City Council, filed a petition, verified by affidavit, in the Circuit Court for Harford County, asking that a mandamus be issued to compel the three above named city officials, who are the proper disbursing officers of said city, to comply with said resolution. On this petition the court passed an order directing the respondents to show cause on February 28th, 1925, why the mandamus should not be issued as prayed, and on that date the respondents filed their answer. On March 7th, 1925, the petitioners demurred to this answer, the demurrer was sustained, and on March 20th, 1925, the respondents filed an amended answer. On the following day the petitioners filed a motion that this amended answer be

not received, but upon the respondents agreeing that they would not rely on the fifth paragraph of said answer, which paragraph alleged that the resolution of October 5th, 1924, had not been passed, the petitioners withdrew their motion of *ne recipiatur* and demurred to the amended answer. The learned court below also sustained this demurrer and directed the writ of mandamus to issue as prayed, and from this action the respondents appealed.

It is admitted by all the parties that the resolution of October 5th, 1924, was duly passed by a majority of the City Council, that the thirty-two hundred dollars which it sought to have placed in the sinking fund had been collected from the taxpayers for the specific purpose of paying the 1923 and 1924 bills of the water company, and that the actual payment of these bills was awaiting the outcome of certain litigation which is pending between the water company and the city. It is further admitted that at the time the resolution was passed the City Treasurer had $10,000 in the city treasury, that at the time the first answer was filed this amount had been reduced to $4,673.40, and that it would eventually be reduced greatly below $3,200, unless that sum was placed in the sinking fund where it would not be subject to the payment of current expenses. And it was alleged in the amended answer that all 1924 taxes had been collected, except a very few delinquent accounts whose ultimate collection was considered uncertain and doubtful. It was also alleged in this answer, which was not filed until March 20th, 1925, that because of the passage of certain orders by the City Council for the payment of bills on March 3rd and March 17th, 1925, the amount of money in the hands of the City Treasurer had been reduced to $3,037.61, and that as no additional taxes, except the delinquent accounts above mentioned, would be due until July, 1925, it would be impossible for the respondents to comply with the mandamus if it was issued.

No question is raised by the appellants as to the correctness of the lower court's ruling on the demurrer to the first

answer.   Their sole contention is that the amended answer
properly alleges that the City Treasurer lacks sufficient funds
to enable the respondents to place thirty-two hundred dol-
lars in the sinking fund, and that under such circumstances
a mandamus will not issue because its issuance would be
nugatory.   It is undoubtedly the law of Maryland that a
writ of mandamus must be issued as prayed, if it is issued
at all (*Wells v. Hyattsville,* 77 Md. 125, 142; *Upshur v.
Baltimore,* 94 Md. 743; *Graham v. Gaither,* 140 Md. 330,
344), and that it will not be issued at all where it will be
nugatory.   *Booze v. Humbird,* 27 Md. 1-5; *Graham v.
Gaither, supra.*   And, though we do not know of any deci-
sion on the question in this State, the weight of authority
elsewhere seems to hold that where a compliance with the
mandamus will require the expenditure of funds, and there
is a lack of funds and of the means of obtaining them, the
writ will be denied on the ground that its issuance would be
unavailing.   18 *R. C. L.* 139, 227, pars. 55 and 151; 26
*Cyc.* 315, 316; and note in *L. R. A.* 1916D 334.   However,
in our opinion, it will be unnecessary in the present case to
determine any of the questions which might be suggested by
the application of the foregoing rules and principles to the
facts before us, because we do not think that the amended
answer of the respondents is sufficiently definite and certain.

At common law the pleading and practice in mandamus
cases was decidedly technical.   Upon the filing of the peti-
tion, the court, in a proper case, directed the mandamus to
issue commanding the respondent to do the thing ordered,
or to show cause by a certain date why he should not do it.
This was called the alternative writ, and if the respondent
wished to contest the matter, he either moved to quash the
writ or filed a reply to it, which reply was known as a re-
turn.   In this return the respondent was required to set out
with the highest degree of certainty the facts upon which
he relied to defeat the petition, and on the case thus made
the court decided the matter.   The petitioner was not per-
mitted to traverse the return, and if the respondent alleged

matters in the return which were not true the only remedy of the petitioner was an action on the case for a false return. To remedy the difficulties attendant upon this method of procedure the *Statute of 9 Anne,* ch. 20, which referred only to municipal matters, was passed, and this was supplemented in Maryland by chapter 78 of the Acts of 1828, but, despite these statutory changes, our predecessors decided in the case of *Harwood v. Marshall,* 10 Md. 451-463-464, that in many mandamus cases the technicalities of the common law still applied. The case just cited was decided in 1857, and presumably as a result of it the next General Assembly passed chapter 285 of the Acts of 1858 (now article 60 of the Code), by which the practice in all mandamus proceedings was simplied and made uniform. Under this act, the suit is no longer brought in the name of the State, the old alternative writs and returns are abolished, the respondent answers the petition, the petitioner is permitted to traverse such answer, and the case proceeds in much the same fashion as do other actions at law. 1 *Poe, Pl. & Pr.,* ch. 27.

In *Legg et al. v. Mayor etc. of Annapolis,* 42 Md. 203, 222, it was decided that, "according to present practice, as prescribed by the Code, art. 59 (now art. 60), the answer to the applicant's petition, filed under rule, stands in the place of the return to the alternative writ under former practice, and it is not required to be more specific or certain in the statement of the defenses upon which the defendant relies, than was required in the return to the alternative writ." And in *Harwood v. Marshall, supra,* the certainty required in a return was held to be very high. The only part of article 60 of the Code which deals with the answer in a mandamus suit is section 3, which provides that "the defendant, by the day named in such order, shall file an answer to such petition, fully setting forth all the defenses upon which he intends to rely in resisting such application, which shall be verified by his affidavit."

In *Creager v. Hooper,* 83 Md. 490-503, the Court in discussing the answer filed in that case said: "It is argumenta-

tive where it should contain statements of facts, and is not
such a full setting forth of the defenses upon which he (the
respondent) intends to rely as is required by section 3 of
article 60 of the Code."

The exact degree of definiteness and certainty which this
section requires in an answer in a mandamus case is difficult
to determine. While undoubtedly the passage of this and
similar statutes in other jurisdictions simplifying the proce-
dure has caused a general relaxation of the old common law
rules, such action has not obviated the necessity for precision,
nor has it entirely removed the strictness with which the
courts have always dealt with the pleadings in such cases.

One of the best statements of the present day rule which
we have seen is that announced by the Supreme Court of
Illinois in the case of *City of Chicago v. People,* 215 Ill.
235, in which it said: "When a petition for a writ of man-
damus is filed, the answer of the respondent must state posi-
tive and definite facts upon which it relies for defense. The
conclusions of the pleader are not sufficient, and, if the an-
swer consists merely of general statements and conclusions,
the relief will be granted." In this case an answer filed by
the City of Chicago alleging lack of funds was held to be
too general and uncertain, and the same was held of the re-
turns or answers filed in the following cases: *People v. Hor-
ton,* 46 Ill. App. 434; *Reichenbach v. Ruddach,* 121 Pa. St.
18; *Comm. v. Philadelphia,* 176 Pa. St. 588; *Cole v. East
Greenwhich Fire Engine Co.,* 12 R. I. 202. And see also
18 *R. C. L.* 346, par. 301; 26 *Cyc.* 456, 457.

We think the rule above quoted is correct, and tested by
it the amended answer filed in this case is obviously too in-
definite and uncertain. The only parts of this answer which
allege the inability of the respondents to secure the necessary
funds are paragraphs 2 and 6, which read as follows:

"2.   That under the provisions of said charter it is the
duty of the City Treasurer to collect all taxes due the city
as soon as levied, and that your respondent J. Lee Hopkins,
City Treasurer, has collected all the taxes due said city for

the year 1924 except a very few delinquent accounts, the receipts from which are uncertain."

"6.  That all of the taxes due said city, except said delinquent accounts which are doubtful have been collected, and no further receipt from taxes will be possible until the levy for the year 1925, which will be made in July, so that in view of the expenditures made at the meetings of March 3rd and 17th, aforesaid, your respondents will be unable to comply with said writ of mandamus, if one should be issued as prayed."

The answer admits that the City Treasurer had $3,037.61 in his hands when the answer was filed, so that the alleged shortage of funds amounts to only $162.39.  The record shows that the $1,600 to be paid the water company for the year 1924 represents a tax of five cents on each $100 of taxable property, and, as the total tax for that year was 80 cents on each $100, the alleged shortage of $162.39 represents only slightly more than one per cent. of the total taxes of the city for the year 1924.  Yet the answer does not set out the amount or percentage of taxes uncollected, it does not give the number of accounts which are in arrears, or the names of the parties who owe taxes, or anything else from which the court could pass upon the collectibility of these accounts, or which the petitioners could intelligently traverse.  It is alleged in paragraph 6 that "no further receipts from taxes will be possible until the levy for the year 1925," but as no facts are given in support of this statement save the vague allegations that the collection of the delinquent taxes is "doubtful," and the receipts therefrom "uncertain," we are compelled to construe the statement as a mere conclusion of the pleader.

The charter of the City of Havre de Grace (chapter 680 of the Acts of 1916) provides fully in sections 313 *et seq.* for the prompt sale of the property of delinquent taxpayers, and it is made the duty of the City Treasurer, one of the appellants here, to sell such property, but the answer does not allege even an attempted compliance with these provi-

sions; it is wholly silent as to any efforts that the Treasurer may have made to collect these accounts, and assigns no reason why their ultimate collection is "doubtful," or the receipts from them "uncertain." So far as the answer we are considering is concerned, there may be several thousands of dollars of delinquent taxes now due the City of Havre de Grace, and their collection may simply await a request for payment or other appropriate action by the City Treasurer. To hold that such an answer is sufficient to defeat an application for a mandamus based upon an admittedly valid order of the duly constituted authorities of a municipal corporation would place a premium upon uncertainty and vagueness. We accordingly think that the action of the trial court in sustaining the demurrer to the amended answer was correct.

The appellees questioned the sufficiency of this answer in other respects, and also suggested that the lower court erred in permitting the amended answer to be filed at all, but as what we have already said disposes of the case, we deem it unnecesary to discuss these additional matters.

. For the reasons given the order appealed from will be affirmed, and the cause remanded for further proceedings in conformity with this opinion.

*Order affirmed, and case remanded, with costs to the appellees.*