MARTIN *v.* BUCKLIN, DIRECTOR ET AL.

[No. 239, October Term, 1956.]

*Decided June 25, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Robert E. Bullard,* for appellant.

*J. Bond Smith* and *Rourke J. Sheehan,* with whom were *Charles M. Irelan* and *Joe M. Kyle* on the brief, for appellees.

BRUNE, C. J., delivered the opinion of the Court.

The appellant, Eleanor S. Martin, filed a petition in the Circuit Court for Montgomery County for a writ of *mandamus* against the Director of the Department of Inspections and Licenses of that County to require him "to issue to the Petitioner, a building permit without first requiring a subdivision plat to be recorded among the land records of Montgomery County, Maryland, provided she shall otherwise meet all other requirements for issuance of such permit." The petitioner alleged that she was the owner of two lots, one of which was improved by two dwelling houses, that she desired to build a foundation for one of them and make other improvements to that dwelling; that she had been informed by the defendant (referred to below as the "Director") that he could not issue a building permit until she procured a new subdivision plat showing each house on a separately numbered lot. She further asserts that under the administrative construction of the zoning ordinance for the Maryland-Wash-

ington Regional District in Montgomery County, Maryland, enacted by the Montgomery County Council, and the regulations for the subdivision of land in that district promulgated by the Maryland-National Capital Park and Planning Commission, the Director is precluded from issuing a building permit for construction on part of a subdivided lot or for an additional dwelling on a subdivided lot unless a new subdivision plat is secured. She contends that because of the expense involved, the time required and the labor involved in the procurement of such plats by the petitioner, the requirement thereof constitutes "an unreasonable, capricious and arbitrary abuse of power" and that "the action of the defendant is illegal, arbitrary, capricious, unreasonable, discriminatory and unconstitutional." The petitioner's chief objective is to have the alleged regulations of the Maryland-National Capital Park and Planning Commission (referred to below as the "Planning Commission") declared invalid. Though she did not join the Planning Commission as a party, the Planning Commission intervened and both it and the Director filed demurrers to the petition. These demurrers were sustained by the Circuit Court with leave to amend. The plaintiff declined to amend and requested that a final order be entered. A final order sustaining the demurrers and dismissing the petition was entered. The appeal is from that order.

We think that the petitioner has mistaken her remedy. As we said in *Board of County Com'rs v. Oxford Development Co.*, 209 Md. 373, at 378, 121 A. 2d 239, at 241, citing a number of cases in support of this statement: "It is a firmly established rule that the petitioner in *mandamus* proceedings must show both a clear legal right to which he is entitled and an imperative duty on the part of the respondent."

Here the plaintiff has not only failed to allege that she has filed an application for a building permit and that she has complied with all applicable laws and regulations other than those which she seeks to have declared invalid, but her petition makes it plain that she has not filed any such application and the very prayer of the petition itself shows that she does not claim that she has complied with other require-

ments for the issuance of the permit. *Mandamus* is an appropriate remedy to compel the performance of a purely ministerial duty, *Mahoney v. Sup. of Elections,* 205 Md. 325, 108 A. 2d 143, and it is firmly settled that such a writ must issue as prayed or not at all. *Pressman v. Elgin,* 187 Md. 446, 50 A. 2d 560, 169 A. L. R. 646; *Pennington v. Gilbert,* 148 Md. 649, at 652, 129 A. 905, at 906. On the record before us the plaintiff's application seems clearly premature and was properly dismissed.

Whether there is another and more appropriate form of relief available to the appellant to raise the principal question which she wishes to have decided is not before us, nor do we find it necessary to pass upon other objections to the petition raised by the defendant's demurrers.

*Order affirmed, with costs.*