## WILLIAM H. WEBER and others, *vs.* L. F. ZIMMERMAN.

CODE, ART. 59, EFFECT OF UPON LAW OF MANDAMUS: DISCRETION OF COURT: PRACTICE.—While material changes have been made, by Art. 59 of the Code, in the course and manner of proceedings in cases of *mandamus*, the essential nature of the remedy or of the writ is not changed; it remains what it was at common law,—a prerogative writ, not demandable *ex debito justitiæ*, but granted at all times in the sound discretion of the Court.

When the Code directs that, upon the verdict being found in favor of the petitioner, a peremptory writ of *mandamus* shall be granted thereupon without delay, it is not to be understood as taking away the discretion of the Court still to refuse the writ, if for sufficient legal cause it shall appear in its discretion the writ ought not to issue.

When the writ has been issued by a competent Court in the peremptory form, it has the same force and effect as the peremptory writ at common law, and the defendant cannot disobey it for any cause or reason which might have been urged in resisting the application for the writ.

RETURN TO PEREMPTORY MANDAMUS: WHEN THE WRIT MAY BE QUASHED: PRACTICE.—Ordinarily, no return to a peremptory writ of *mandamus* will be accepted, except a certificate of obedience; but such a writ may be quashed or set aside, if it has prematurely or improperly issued, or if it has unnecessarily issued, or if it be on its face bad in substance, or if it be impossible or illegal to obey it.

APPELLATE COURT MAY AWARD PEREMPTORY MANDAMUS: PRACTICE IN COURT OF APPEALS.—Where the judgment of the Court below was merely a judgment for costs, no writ of *mandamus* having been ordered by that Court, and it appeared from the record that no reason existed why a *procedendo* should be issued—HELD:

That the appellate Court, upon the affirmance of the judgment below, had the power, under Art. 5, sec. 16 of the Code, to award the peremptory writ of *mandamus*, without sending back the case under a *procedendo*, and such writ will not be considered in a subsequent motion to have been improvidently issued.

PEREMPTORY MANDAMUS CANNOT BE STAYED BY INJUNCTION.—A peremptory writ of *mandamus* from the Court of Appeals of Maryland, or from any other Court of competent jurisdiction, when once issued, cannot be stayed by injunction, like an ordinary execution upon a judgment at law.

If, by reason of matters subsequent to the issuing of a peremptory writ of *mandamus*, the writ cannot or ought not to be executed, they may be made known and relied upon in the Court issuing the writ, which alone has jurisdiction and control over it, and are not proper subjects for the action of a Court of Equity, by injunction or otherwise.

SUBSEQUENT DISQUALIFICATION OF OFFICER AFTER BEING RESTORED TO OFFICE BY MANDAMUS: MOTION TO QUASH: PRACTICE.—Where a petitioner, ordered to be restored to his office and functions of pastor under the char-

Weber, *et al.*, *vs.* Zimmerman.

ter of a religious corporation, is subsequently disqualified under said char-
ter from holding said office, such disqualification is good cause for quashing
the writ, and for discharging parties under attachment for disobeying the
same.

APPEAL from the Superior Court of Baltimore city :

Motion to supersede and quash a peremptory writ of *mandamus* issued from this Court on the 29th of October 1864. The circumstances under which this motion comes before the Court at this time, are thus stated by BARTOL, J., in delivering the opinion of the Court :

"After this appeal was heard at the June Term, this Court affirmed the ruling of the Superior Court set forth in the bills of exceptions, and ordered the writ to be issued in the peremptory form. It was issued on the 29th day of October 1864, and made returnable to the December Term. By the change in the Constitution, which went into effect on the first day of November, the December Term was abolished; and by the Act of Assembly, passed at the last Session, a special Term was directed to be held on the 24th day of January 1865, to which all writs and process returnable to the December Term 1864, were made returnable. The defendants failing to return the writ, upon application to this Court, on the 1st day of March, a rule was laid upon them to make return of the same on or before the 7th day of March. That rule having been duly served, and its exigency not having been obeyed, the Court, on the 8th day of March, directed an attachment for contempt to be issued against the parties, returnable on the 14th day of March. On that day the defendant, Weber, upon whom alone the peremptory writ had been served, appeared in person, and first having, by leave of the Court, upon solemn oath purged himself of the contempt alleged against him, was permitted to file in Court, by his counsel, a return to the writ, setting forth certain causes by which he alleged it had become impossible to execute the same; and thereupon motions were filed to quash and discharge the attachment, and also to quash and supersede the writ of *mandamus*."

Weber, *et al.*, *vs.* Zimmerman.

The following reasons were filed with the motion:

The appellant, Weber, upon whom alone the peremptory writ of *mandamus* issued in this cause has been served, now moves the Court that the same be superseded or quashed for the following reasons:

I. Because the appeal was taken by the appellants from the judgment of the Court below, which was merely a judgment for costs; that no writ of *mandamus* was ordered, directed, adjudged or issued in the Court below; that upon the affirmance of said judgment upon the appeal of the appellants, if further proceedings were necessary, it was matter for a *procedendo;* and the issuing of an original writ in the Court above, *was improvidently done*, and that said writ should be therefore quashed.

II. Because it appears from the return and supplemental return of this appellant to said writ:

1st. That at the time when said return was made, a Court of competent jurisdiction, upon a bill filed alleging the same, had by reason of matters happening since the judgment of the Court below, enjoined the said Zimmerman from entering the pulpit of said church, or from attempting to enter the same, or from in any manner interfering with or interrupting the pastor now in charge of said congregation, or that may be placed in charge during the pendency of the said proceedings, until the matters could be heard in equity, and which proceedings are yet pending and undetermined, and which the complainants are pushing with all possible speed, and in which the said appellee is chargeable with every effort to hinder and delay; and that the said appellant could not have obeyed the said peremptory writ of *mandamus* without violating the said injunction.

2nd. Because by the charter of the church, in these proceedings specified, no person can be the pastor thereof unless he be a member of the Lutheran Synod of Maryland, under whose jurisdiction the said church is by its charter managed; and that since the judgment of the Court below, the said appellee hath ceased to be a member of said Synod, and so incapable of being the pastor thereof.

3rd. Because the German Evangelical Lutheran St. Stephen's Church is not named in said writ of *mandamus,* nor in the petition therefor, nor bound by these proceedings; and that since the said judgment in the Court below, at the annual election of officers of said corporation, other and different persons were chosen by the said congregation than the defendants in said petition named; and that neither this appellant nor any of the said defendants are now officers thereof, and so are thereby utterly without power to obey said writ, without any fault on his or their part.

4th. Because by the happening, subsequently to said judgment, of the matters hereinbefore specified, the said writ has become nugatory, and would subject to actions those to whom it is directed, were they to attempt to execute it.

5th. Because the said appellee, in pressing for the execution of said writ, with full notice and knowledge of the circumstances aforesaid, is taking an unfair advantage of the decision of this honorable Court, and desires to perpetrate a fraud upon said decision, and upon the law.

6th. Because it will appear, by the inspection of the record of these proceedings, that the judgment was rendered in favor of said appellee by reason only of the informality of the notice convening the congregation of said church for the dismissal of said appellee as pastor thereof; and because it will appear that since said judgment, in strict conformity with the opinion of the Court below, the said congregation were again convened by a more formal and precise notice, and at such meeting the said appellee was formally and legally dismissed as such pastor.

7th. Because this Court will suspend and retain said writ, in the exercise of a sound discretion, until a trial of said subsequent events can be legally had and determined.

8th. Because, since the amotion of said appellee from the office of pastor of said congregation, and his ejection from said Synod as a member thereof, the Rev. —— Heminghaus has been duly elected and installed as minister of said con-

gregation, and is in the exercise of the functions and duties of said office.

9th. Because the execution of said writ would be nuga-tory, inasmuch as the relator has been ejected from his of-fice, and is incapable of executing its functions by reason of his being no longer a member of the Lutheran Synod, and if restored, would be immediately removed again.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*George H. Williams,* for the motion:

*Mandamus,* like an injunction, is under the control of the Court in every stage of its existence. In England it is regulated by practice of the Court. It is not like an exe-cution. *McClellan vs. Graves,* 19 *Md. Rep.,* 374.

This is a case for *procedendo.* The Act of 1858 is re-pealed in the Code. The Code, literally read, would de-prive the Court of all discretion.

In England there can be but one return to a peremptory *mandamus,* viz., obedience. In Maryland we must modify the practice. *Queen vs. Ledgard,* 1 *Adol. & El.,* 616, (41 *Eng. C. L. Rep.,* 697.)

Objections to the validity of a peremptory *mandamus,* may with propriety be taken, though no excuse for non-obedience to the same will be received. *State vs. Lehre,* 7 *Rich.,* 301. *Tapping on Mand.,* 379. *State vs. Jones,* 1 *Iredell,* 129 and 414.

The writ should have been directed against the corpora-tion, as such. *Ang. & Ames on Corp.,* 451. *Grant on Corps.,* 8 *Law Lib.,* 355, *marg. note a. Tap. on Mand.,* 321, (76 *Law Lib.,* 7.) It is the duty of the Court to supersede the writ, if it be misdirected. *Tap. on Mand.,* 336, 337. 6 *Bac. Abr.,* 445, "*Mandamus.*"

Where a *mandamus* was served on late church wardens, it was sufficient to show that, at the time of service, they were not wardens.

The *Stat. of* 9 *and* 10 *Vict.*, *c.* 113, protects persons from actions at law because of obedience to the writ of *mandamus*, but there is no such provision in the Code.

The petition was not against the corporation, but against Weber and others, whom it charges with trespass. The 3rd and 9th issues were the only ones before the Court in the original case, and the instruction as to them was, that the notice of the meeting was insufficient. The judgment of the Court below was only for costs; there was no judgment or order for a *mandamus*. This Court cannot *alter* the judgment of the Court below when it *affirms*, but only when it *reverses*, (*Code, Art.* 5, *sec.* 14,) unless a writ of *mandamus* is treated as an execution, which we say cannot be done. See also *sec.* 16, "*Procedendo.*"

The writ was served, as appears by the return, upon one of the defendants only. Since that time the petitioner has been regularly removed from the office of pastor, and expelled from the ministry by the Synod. The decision of this Court in the original case, was on the 29th of October 1864. The injunction in the Superior Court, on new matter, was made October the 31st, 1864. It further appears, from the supplemental return, that Weber and others had been superseded as trustees, and from that time could not obey the *mandamus*.

*O. Miller*, against the motion:

The writ of *mandamus* is not a term writ. In this instance it was made returnable at December Term 1864, and continued to January Term 1865, held by authority of a special Act; it might have been made returnable in twenty-four hours.

The reasons assigned for not obeying the writ are not sufficient. The bill for the injunction, although filed after, did not disclose what had been done in this Court.

The petition is in conformity with the decision in the case of *Winemiller vs. Rumpler*, 4 *H. & McH.*, 431, 436.

The allegation that the petitioner was a duly qualified minister, was no where traversed.

The 3rd and 9th reasons involve the power of amotion. The right of amotion was in the congregation only, not in the Synod. The 3rd plea seems to take issue on the power of the president and committee.

The only change effected in the Maryland law of *mandamus*, by the Act of 1858, is to require the decision upon the petition and answer, and order not an alternative but a peremptory writ. The action on this writ must be governed by the English practice. *Tap. on Mand.*, 76 *Law Lib.*, 61. If the return to the alternative writ is insufficient, then the peremptory writ goes. The peremptory writ, if improvidently issued, is liable to be quashed. *Tap. on Mand.*, 445. *Queen vs. Ledgard*, 1 *Adol. & El.*, 697, (41 *Eng. C. L. Rep.*, 700.) *The People vs. Steele*, 2 *Barb.*, 397, 559. *The People vs. The Supervisors of Fulton*, 14 *Barb.*, 52.

There is nothing on the face of the writ showing that it should be quashed. It may be directed to anybody. *Rumple vs. Winemiller*, 4 *H. & McH.*, 436, 437. *Brosius vs. Reuter*, 1 *H. & J.*, 480, 551. *Har. Ent.*, 704, 705. *State vs. Lehre*, 7 *Richardson*, 301.

Impossibility of performance is a good return, if it show a change of circumstances; it must also show there was no fraud on the part of the respondent. As to appeals in cases of *mandamus*, see also 1845, *ch.* 7, and 1858, *ch.* 285.

*Wm. B. Bond*, on the same side:

The removal of the relator by the Synod, rests only on the assertion of counsel. All the reasons assigned, involving matters subsequent to the former trial, make this Court triers of fact, without a jury. *Wilcox on Corp.*, 242, 244. 14 *Law Lib.*, 134, 135. *Tap. on Mand.*, 445. There was no ground for a *procedendo* after the affirmance. 6 *Md. Rep.*, 5.

There is no merit in the appellant's case, as disclosed by the record. This Court should supply any omis-

sion of the Court below, by entering such a judgment as that Court should have entered. *McKee vs. McKee*, 16 *Md. Rep.*, 516. *Code, Art.* 59, *sec.* 7. *Kent vs. Lyles*, 7 *G. & J.*, 73. *Boteler & Belt, vs. Beall*, 7 *G. & J.*, 389.

*O. Horwitz,* in reply:

The word *peremptory*, as qualifying a *mandamus*, is not proper to be used in Maryland, *Code, Art.* 59, *sec.* 11, *"Mandamus."* At common law, in case of no return, or an insufficient one, or of a defective writ, when too late to amend, the ordinary practice was to issue an *alias*, and, if necessary, a *pluries* writ, each returnable immediately. In some cases the Court would, prior to *Stat.* 9 *Anne, c.* 20, and 1 *Wm.*, 4, *c.* 21, where justice required it, compel a return to the first or *alias* writ, and, on default, would grant an attachment. Since those *Stats.* an *alias mandamus* is at this time rarely met with in practice. For other changes, see the *Stat. of* 6 *and* 7 *Vic., c.* 67. Objection to the validity of a return may be made by plea or demurrer. *Tap. on Mand.*, 452. 76 *Law Lib.*, 488. The Court shall, if they find for the petitioner, by their judgment award a *"peremptory mandamus,"* after which an appeal is allowed to any party to the record who shall think himself aggrieved by such judgment.

BARTOL, J., delivered the opinion of this Court:

In the opinion in this cause, delivered by this Court at the June Term, we did not enter fully into a statement of the changes of the law in cases of *mandamus*, wrought by the *Act of* 1858, *ch.* 285, now embodied in the *Code, Art.* 59; nor is it necessary now to do so. The chief purpose of that Act was to avoid the delays attendant upon the proceeding at common law, and to make the remedy more speedy and effectual. To accomplish that object, the Legislature has abolished the alternative writ, requiring the defendant, in his answer to the rule to shew cause, issued

upon the petition, to state the grounds upon which he means to rely, as causes why the writ should not issue as prayed; thus placing the answer to the rule, in some respects, on the footing of the return to the alternative writ. One other material change has also been effected by the statute. While, at the common law, the averments made in the return to the alternative writ were not traversable,—and if not true, the relator was put to his action for a false return,—the statute now provides that the petitioner may plead to or traverse all and any of the material averments set forth in the answer to the petition, and the defendant is required to take issue or demur to the plea, or traverse; and thereupon such further proceedings shall be had for the determination thereof, as if the petitioner had brought an action for a false return.

The Act further directs that the issue shall be tried by a jury, if either party desire it, or heard and determined by the Court if both parties agree; and if a verdict be found for the petitioner, or the Court, on a hearing, determine in his favor, or judgment be given for him upon demurrer, or for want of a plea, he shall thereupon recover his damages and costs, as he might have done in an action on the case for a false return, to be levied by execution; and a peremptory writ of *mandamus* shall be granted thereupon, without delay, against the defendant.

Before proceeding to examine the particular questions arising upon the motions now before us, it is proper to remark:

*First.* That while these material changes have been made by the Code, in the course and manner of proceedings in cases of this kind, the essential nature of the remedy or of the writ is not changed. It is still what it was at the common law, a prerogative writ, not demandable *ex debito jus-titiæ*, but granted at all times in the sound discretion of the Court, under the rules long recognized and established at the common law. When the Code therefore directs that, upon the verdict being found in favor of the petitioner, a

peremptory writ of mandamus shall be granted thereupon without delay; it is not to bè understood as taking away the discretion of the Court still to refuse the writ, if for sufficient legal cause it shall appear in its discretion the writ ought not to issue.

*Secondly.* In the opinion of this Court, the essential properties of the writ itself have not been changed; and when it has been issued by a competent Court, in the peremptory form, it has the same force and effect as the peremptory writ at the common law; and the defendant cannot disobey it for any cause or reason which might have been urged in resisting the application for the writ.

After this appeal was heard at the June Term, this Court affirmed the ruling of the Superior Court, set forth in the bills of exceptions, and ordered the writ to be issued in the peremptory form. It was issued on the 29th day of October 1864, and made returnable to the December Term. By the change in the Constitution, which went into effect on the 1st day of November, the December Term was abolished; and by the Act of Assembly, passed at the last Session, a special Term was directed to be held on the 24th day of January 1865, to which all writs and process returnable to the December Term 1864, were made returnable.

The defendants failing to return the writ, upon' application to this Court, on the 1st day of March, a rule was laid upon them to make return of the same on or before the 7th day of March. That rule having been duly served, and its exigency not having been obeyed, the Court, on the 8th day of March, directed an attachment for contempt to be issued against the parties, returnable on the 14th day of March. On that day the defendant, Weber, upon whom alone the peremptory writ had been served, appeared in person, and first having, by leave of the Court, upon solemn oath, purged himself of the contempt alleged against him, was permitted to file in Court, by his counsel, a return to the writ, setting forth certain causes, by which he alleged it had become impossible to execute the same; and thereupon

motions were filed to quash and discharge the attachment, and also to quash and supersede the writ of *mandamus.* These motions were set down for hearing, and have been fully argued by counsel, and considered, and now remain to be disposed of.

We have said that the writ, when issued in Maryland in the peremptory form, has the same force and effect as at the common law, and the same rule applies, that ordinarily no return thereto will be accepted, except a certificate of obedience. *Tap. on Man.*, 408. *Queen vs. Ledgard*, 41 *Eng. C. L. Rep.*, 697, 700. This is the general rule; nevertheless, it is settled that a peremptory writ may be quashed or set aside if it has prematurely or improperly issued, or if it has unnecessarily issued, or if it be on its face bad in substance. *Tap. on Man.*, 408, 409. Or if it be impossible or illegal to obey it. *State vs. Jones*, 1 *Iredell*, 414.

This brings us to the examination of the grounds alleged in support of these motions:

First. It is suggested that the writ was prematurely or improvidently issued, inasmuch as the judgment rendered by the Superior Court was merely a judgment for costs, and no writ of *mandamus* being ordered by that Court, the Appellate Court ought, upon the affirmance of the judgment, to have remanded the cause upon *procedendo;* so that the discretion of the Court below might be exercised in awarding or refusing the writ. This matter was very carefully considered when the decision of the cause was made at the June Term. Of the power of this Court to award the writ under the 16*th sec. Art. 5 of the Code*, without sending back the case under *procedendo*, no doubt whatever exists; and we are equally clear that, upon the record and the bills of exceptions as they appeared before us at the trial, no reason whatever existed why a *procedendo* should be issued; no cause was apparent upon the record, or suggested in the argument, why the writ should not be granted; and therefore it was within the power of this Court, and entirely in conformity with justice and the precedents in similar cases,

that said judgment should be entered here. As the case then stood, the writ was not improvidently issued.

Second. The next cause assigned for disobeying the writ is, that at the time when the return was made, a Court of competent jurisdiction, upon a bill filed alleging the same, had, by reason of matters happening since the judgment of the Court below, enjoined the petitioner (Zimmerman) from entering or attempting to enter the pulpit of said church, or from interfering with or interrupting the pastor now in charge of the congregation, until the cause in that Court could be heard and determined; that the proceedings are still pending, and the writ could not be obeyed without violating the injunction. A copy of the bill of complaint filed in the Circuit Court of Baltimore city, upon which the injunction was obtained, together with a copy of the docket entries of the cause, is filed with these motions. By reference to these proceedings, it appears that the bill was filed in the name of the corporation, "The German Evangelical Lutheran St. Stephens Church," on the 31st day of October 1864, ten days after the opinion of this Court was filed, deciding that the petitioner was entitled to the writ, and two days after the writ was ordered and issued; and yet the bill failed to disclose to the Circuit Court any of the proceedings which had been taken in the Court of Appeals, says nothing of any appeal having been taken, or of the decision and judgment of this Court.

If these facts had been disclosed, it is not supposed for a moment that the judge of the Circuit Court would have granted the injunction; and we are forced to the conclusion that the action of that Court was obtained by a partial representation of the facts.

But in no event could an injunction so obtained serve as an excuse for disobeying a peremptory writ of *mandamus* issued by this Court, or by any other Court of competent jurisdiction. When once issued, it cannot be stayed by injunction, like an ordinary execution upon a judgment at law. To allow such interference would interrupt the course

of judicial proceedings, and lead to a conflict of jurisdiction, producing the greatest confusion, and tending to subvert the administration of justice.

The Circuit Court had no jurisdiction or authority to issue the injunction, and such a proceeding, therefore, furnishes no ground for quashing the writ, or excuse for disobeying it.

If, by reason of matters subsequent, the writ cannot or ought not to be executed, they may be made known and relied upon in the Court issuing the writ, and which alone has jurisdiction and control over it, and are not proper subjects for the action of a Court of Equity by injunction or otherwise.

Third. The *mandamus* in this case was issued to restore the petitioner, Zimmerman, to his office and functions of pastor of "The German Evangelical Lutheran St. Stephens Church," to which he had been duly appointed, and from which he had been unlawfully removed by the respondents. By the Act of incorporation of the church, 1802, ch. 111, it is required that the minister be a member of the Evangelical Lutheran Synod of Maryland, under whose jurisdiction the church is placed. It now appears, by this motion and return, verified by the hand of the secretary and the seal of the Synod, that at a meeting of that body, held from the 14th to the 18th day of October 1864, the petitioner, Zimmerman, was "expelled from the ministry, and his name stricken from the roll" of members. So that since the trial of the cause in this Court, the petitioner has been rendered, by the action of the Synod, disqualified from holding the office of pastor under the charter.

If this fact had been made known to this Court before the writ was ordered, no writ would have been issued; and now being shown by proof uncontradicted, it is in our opinion good cause for quashing the writ and discharging the parties from the attachment. It is unnecessary to notice the other grounds set forth in the motion and return.

For the reason last stated, the attachment will be quashed and the writ set aside, without prejudice, however, to the right of the petitioner to renew, in the Superior Court, his application for the writ, and of trying the facts before a jury.

*Writ superseded and attachment quashed.*

(Decided May 4th, 1865.)