## IPES v. BOARD OF FIRE COMMISSIONERS OF BALTIMORE ET AL.

[No. 90, September Term, 1960.]

*Decided January 18, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Julius G. Maurer,* with whom was *Sidney Goldscheider* on the brief, for appellant.

*Blanche G. Wahl, Assistant City Solicitor,* with whom were *Harrison L. Winter* and *Ambrose T. Hartman, City Solicitor* and *Deputy City Solicitor,* respectively, on the brief, for appellees.

PRESCOTT, J., delivered the opinion of the Court.

A widow, whose petition for a writ of mandamus to require the Board of Fire Commissioners of Baltimore City (Board) to pay her pension benefits for the death of her husband was dismissed, appeals.

Peter H. Ipes, the appellant's husband, was employed as an engineer by the Fire Department of Baltimore City for some years. On June 7, 1949, after becoming ill at his place of employment, he was admitted to a hospital, where he died

two days later. Nine days after his death, the appellant made application to the Board for pension benefits under Section 80 of the City's Charter, which was considered and denied on June 30, 1949. Thereafter, during the years 1953 and 1954, she sought reconsideration of her case without success, and, finally, on July 15, 1955, filed her petition for the issuance of a writ of mandamus. The appellees answered on July 28, 1955, and it was not until February 1, 1960, that the matter was submitted to the trial court for determination, without the aid of a jury.

There is one crucial factual controversy between the parties: the appellant claims her husband's death was due to a heat stroke while working under severe strain in a very high temperature, while the appellees contend that the deceased suffered a sudden rupture of a large blood vessel in the brain, at a time when he was performing his routine duties. The cause of his death is a vital factor as to whether or not the appellant is, or ever was, entitled to a pension under Section 80.

At the time of the hearing below, Dr. Lloyd, who was the Fire Department's physician at the time of the death of the appellant's deceased, and who had treated him immediately after he had been admitted to the hospital in June of 1949, had died. One member of the Board, as constituted at the time of the hearing before it, had also passed away, and the personnel employed by the Board, including its Executive Secretary, had changed since the initial hearing.

Although the defendants made no mention of laches in their answer, the trial judge, of his own volition, decided the appellant had been guilty of long delay, which constituted laches, and dismissed her petition. We must, therefore, answer this question: May the trial court in a mandamus proceeding raise the question of laches, *sua sponte,* when the defendants fail to plead the defense in their answer?

Before resolving this question, we shall consider the appellees' motion to dismiss the appeal. The appellant, inadvertently, omitted to have printed in her record extract the trial judge's opinion; and also failed to have any of the evidence included therein. The appellees moved for a dismissal

of the appeal under Maryland Rules 828 b, 1(a) and (b). In her reply brief, the appellant supplied the inadvertently omitted copy of the trial court's opinion, and it contains a sufficient statement of his findings of fact for us to determine the issue between the parties, as it is, for the main part, one of law and not of fact. The motion to dismiss will be denied. Rule 828 i.

In Maryland, mandamus is a writ in the nature of a prerogative writ, and is an extraordinary remedy. The writ is issued by the law courts. Code (1957), Article 60, Section 1. It is a remedy that it is based upon reasons of justice and public policy to preserve peace, order and good government, and, although the writ is issued by the law courts, many courts, including this one, and text-writers have stated that mandamus may be compared to a bill in equity for specific performance. High, *Extraordinary Legal Remedies* (3rd Ed.), Section 1; *Booze v. Humbird,* 27 Md. 1, 5; 2 Poe, *Pleading and Practice at Law* (3rd Ed.), ¶ 709; *District Heights, Town of v. County Com'rs of Prince George's County,* 210 Md. 142, 146, 122 A. 2d 489. It is not a writ of right, nor is it granted as of course, but only in the sound legal discretion of the judge who directs the issuance thereof. *Weber v. Zimmerman,* 23 Md. 45, 53; *Kinlein v. Mayor & C. C. of Balt.,* 118 Md. 576, 581, 85 A. 679. Cf. *Whittle v. Munshower,* 221 Md. 258, 260, 155 A. 2d 670. And, in approaching the question concerning the issuance, *vel non,* of the writ, the courts invoke equitable principles to reach the real merits of the controversy between the parties. *Ghingher v. Fanseen,* 166 Md. 519, 526, 172 A. 75; *Arant v. Lane,* 249 U. S. 367, 371; 55 C.J.S., *Mandamus,* ¶ 2 (b); *Nicholas v. United States,* 257 U. S. 71, 75; *United States ex rel. Greathouse v. Dern,* 289 U. S. 352.

That laches is a proper ground for refusing to issue a writ of mandamus seems to be a proposition of almost universal recognition. *George's Creek C. & I. Co. v. Co. Com.,* 59 Md. 255, 263; *Duffey v. Rickard,* 194 Md. 228, 71 A. 2d 41; 55 C.J.S., *Mandamus,* ¶ 244; High, *op. cit.,* p. 38; *Arant v. Lane, supra,* 249 U. S. at page 371; *Nicholas v. United States, supra.* And it has been recognized in many cases that in equity the

court may in a proper case on its own motion refuse to grant relief to a complainant, who, on the final hearing, appears to have been guilty of laches, although that defense was not interposed by the defendant. *Syester v. Brewer, 27* Md. 288, 319; *Warburton v. Davis,* 123 Md. 225, 231, 91 A. 163. Also, see the long list of cases, collected in an annotation in 173 A.L.R. beginning on page 337, and compare *Rettaliata v. Sullivan,* 208 Md. 617, 621, 119 A. 2d 420, and *Duffey v. Rickard, supra.* But, notwithstanding these authorities, the appellant contends that Maryland Rule 1240 b 2, which states that, "An answer to a petition for a writ of mandamus shall fully and specifically set forth all defenses upon which the defendant intends to rely * * *" precluded the court from denying her petition on the ground of laches, since no mention thereof was made in the defendants' answer.

The provision quoted from Rule 1240 b 2 seems to have first come into the law of this State (in slightly different terms) by Section 3 of Chapter 285 of the Acts of 1858 (presently Section 3 of Article 60 of the Code [1957]). At common law the pleading and practice in mandamus proceedings were very tedious and technical. Upon the filing of a petition which set forth sufficient facts, the court directed the writ to issue. This writ commanded the respondent to do the thing ordered, *or* to show cause, by a time certain, why he should not be required to do it. This was termed an alternative writ of mandamus; and, if the respondent wished to contest the matter, he either moved to quash the writ (for defects either of form or substance), or replied to it. This reply was called a "return." Upon the sufficiency of this return, the relator's right to the writ depended. In this return, the respondent was obliged to set forth with great care, certainty and precision the facts upon which he relied to defeat the petition, and on the case thus made the court decided the matter. The petitioner, or relator, was not allowed to traverse the facts stated in the return, and, if matters stated therein were not true, the only remedy of the petitioner was an action on the case for a false return; and then, after a verdict and judgment for him in such case, the application for the mandamus could be renewed, and the writ was generally issued. Under such

an unusual and technical procedure, delays and difficulties were inevitable. To alleviate some of these, the Statute of 9 Anne, Chapter 20, was enacted, 2 Alex. Brit. Stat. 693, and the Maryland Legislature took suppletory action in Chapter 78 of the Acts of 1828. However, even with this legislation, the technicalities of the common-law practice continued to embarrass the courts in administering relief by way of mandamus.[1] Finally, the Legislature passed Chapter 285 of the Acts of 1858 (now Article 60 of the Code), by which the practice and procedure in all cases of mandamus were made uniform. Under this act, the old alternative writs and returns are abolished, the respondent answers the petition (Section 3 of Article 60, the forerunner of Rule 1240 b 2), the petitioner is permitted to traverse the answer, and the case proceeds in much the same manner as do other actions. 2 Poe, *Pleading and Practice* (3rd Ed.), Ch. 27; *Pennington v. Gilbert,* 148 Md. 649, 652-653, 129 A. 905.

The above mentioned statutes did not alter the nature or character of the writ, nor did they change the legal principles upon which the court acts in issuing or refusing to issue it. *Weber v. Zimmerman, supra,* 23 Md. 45, 53; *Hardcastle v. Md. & Del. R. R. Co.,* 32 Md. 32, 35; *Hecht v. Crook,* 184 Md. 271, 278, 40 A. 2d 673. According to the present practice, the answer required by Article 60, Section 3 (and Rule 1240 b 2) stands in the place of the return to the alternative writ under former practice, *Legg v. Annapolis,* 42 Md. 203, 222, and seems to have been primarily directed to the degree of certainty and precision with which the defendant is required to set forth the facts relied upon by him in his answer. *Creager v. Hooper,* 83 Md. 490, 494, 35 A. 159; *Pennington v. Gilbert, supra,* 148 Md. 649-656. It is not necessary for us, in determining this case, to decide what Rule 1240 b 2 and Section 3 of Article 60 exact of a defendant by way of stating his defenses in a mandamus proceeding; it is only necessary for us to hold, and we do so hold, that neither the rule (Rule 1240 b 2), nor the statute (Article 60, Section 3) take away the sound judicial discretion that has always been vested

---

1. Harwood v. Marshall, 10 Md. 451, 463-464.

in the trial courts in determining whether to direct the issuance of the writ (in certain cases even after a verdict in favor of the petitioner). *Weber v. Zimmerman, supra,* 23 Md. 53-54; 2 Poe, *op. cit.,* ¶ 713. It may well be that a defendant is precluded by the rule and statute from presenting any defense not set forth in his answer, but there is nothing in either that indicates an intention to curtail the trial court's time-honored discretion (which permits a consideration as to whether or not the petitioner has slept upon her rights) in the issuance of the writ. We think that Rule 1240 b 2 is, in effect, simply declaratory of the practice and procedure existing prior to its adoption. Maryland Rule 2 a.

Having made the determination that the trial judge, in his discretion, could raise the question of laches, it hardly seems necessary to repeat the facts, in order to show that the discretion was exercised soundly. If the appellant had a cause of action, it arose some ten years before the trial; suit was not instituted thereon for about six years and then the litigation was permitted to linger for four years; in the meantime, a most important and, perhaps, vital witness had died and other changes had taken place. Without further elaboration, it seems obvious that under our previous decisions this conduct on the part of the appellant constituted laches. *Akin v. Evans, Exec.,* 221 Md. 125, 127-134, 156 A. 2d 219; *Rettaliata v. Sullivan, supra,* and cases there cited.

*Motion to dismiss appeal denied.*
*Order affirmed. The appellant*
*to pay the costs.*