FRANCIS H. ORENDORFF, Administrator of JOHN
ORENDORFF vs. DAVID UTZ.

*Bond to indemnify against outstanding Debts of a Partner-
ship—Several suits may be maintained for Different breaches
of the same Bond—Judgment pleaded as a Former recovery—
When the principle of Res adjudicata operates as a Bar to
a second suit—Statute of 8th and 9th Will. III, ch. 11,
sec. 8—Section 63, of Art. 75, of the Code—When party to
suit incompetent to testify on his own offer—Sec. 108, of
Art. 93, of the Code.*

In an action to recover on a bond to indemnify against outstanding debts of
a partnership, the defendant pleaded that there had been a former recovery
on the same bond, between the same parties; but it appearing that the
second suit was for breaches of the bond not embraced in the first suit, it
was HELD :

1st. That several suits on the same bond for different breaches could be main-
tained.

2nd. That the judgment in the former suit was not for the *penalty* of the
bond, but merely the recovery of damages for the breaches thereof, which
constituted no defence to the second action which was for different breaches
of the bond.

3rd. That a judgment pleaded as a former recovery, must be for the same
cause of action, although it will be presumed that the plaintiff recovered
all that he could *then* recover in that action.

4th. That the principle of *"res adjudicata"* operates as a bar to a second suit,
when it is shown that the former recovery was between the same parties,
or their privies, and the point in controversy the same in both cases and
determined upon its merits.

5th. That whilst the Statute of 8th and 9th William III, ch. 11, sec. 8, may
authorize the entry of a judgment for the penalty of the bond to stand as
security for further breaches, which may be recovered by *scire facias*
thereon, it does not, when taken in connection with the provisions of sec.

63, of Art. 75, of the Code, prevent repeated actions on the bond as breaches thereof may occur.

In an action by the obligee of a joint and several bond of indemnity, against the administrator of one of the obligors, the other obligor being dead, the defendant cannot testify on his own offer as to a conversation between himself and the plaintiff in respect of the claim sued for.

Section 108, of Art. 93, of the Code, has no reference to a possible or contingent claim that might arise by further breaches of a bond.

APPEAL from the Circuit Court for Carroll County.

David Orendorff and David Utz being partners, dissolved the partnership, Orendorff agreeing to pay all the debts and assume all the liabilities of the firm, and to save said Utz harmless from the same, executed to him a bond of indemnity, in which John Orendorff was joint obligor as surety. Afterwards the said obligors died, and the appellant became the administrator of John Orendorff; and Utz being compelled to pay certain debts due by the firm of Orendorff & Utz, brought suit on the bond against the administrator and recovered judgment for the amount of the claims so paid. Subsequent to said suit, Utz paid other debts of the firm, and brought this suit to recover for the same. To this suit the defendant interposed a number of pleas, (twenty-six in number,) but the material ones and those alone considered by the Court, were the first, second, fifth and seventh. The first and second pleas were "former recovery." The fifth was the failure of the plaintiff to sue within nine months after rejection of the claims by the administrator, and the seventh, that the bond sued on was the same bond sued on in the former case between the same parties. The plaintiff replied to the first and second pleas "*nul tiel record*," demurred to the seventh and joined issue upon all the others. The Court sustained the defences to the first, second and seventh pleas, and the jury was instructed that no sufficient evidence was offered to sustain the fifth plea.

The numerous exceptions taken by the defendant to the admission of evidence, and the prayers offered on both sides need not be particularized.

The verdict and judgment were for the plaintiff, and the defendant appealed.

The cause was argued before BARTOL, C. J., BOWIE, STEWART, BRENT, ALVEY and ROBINSON, J.

*Charles B. Roberts* and *William P. Maulsby,* for the appellant.

This is an action on a bond. A similar action had been brought on the same bond, and a judgment recovered by the same plaintiff against the same defendant, which had been satisfied. There could be but one breach, failure to indemnify. The condition of the bond was single, and its obligation had been discharged by the first recovery. The former suit and recovery between the same parties had exhausted the remedy, and the clause to indemnify could not be extended to constantly recurring breaches. The rights of the parties had become *"res adjudicata."* 7 *Robinson's Pract.,* 159, *et seq.; Stafford vs. Clark,* 2 *Bingh.,* 377 ; *Nelson vs. Couch,* 109 *Eng. Com. Law,* 109 *(side;) Chase vs. McDonald & Ridgely,* 7 *H. & J.,* 160 ; *Le Guen vs. Gouverneur & Kimble,* 1 *Johns. Cases,* 492.

*Wm. M. Merrick,* for the appellee.

A suit may be maintained on a bond with collateral condition for breaches of condition subsequent to the first suit. The question as to the correctness of this proposition is raised by the demurrer to the seventh plea. *Statute* 8 *and* 9 *William III, ch.* 11, *sec.* 8; *Evans' Practice,* *(Old Ed.,)* 171, *(New Ed.,* 200 ;) *Wilmer vs. Harris,* 5 *H. & J.,* 1 ; *Code, Art.* 75, *sec.* 63 ; *Act of* 1785, *ch.* 80, *sec.* 13.

A plaintiff who has recovered upon some of the breaches under the condition of the bond, can recover in a second

suit upon the admission that the breaches therein assigned, had not occurred at the time of the first action, accompanied by clear proof that they had occurred after its termination, and prior to the second suit. The question as to this proposition is presented by the pleas of "*nul tiel record.*" *Hall's Adm'r vs. Creswell*, 12 *Gill & John.*, 48; 7 *Robinson's Practice*, 171–2; *Butler vs. Wright*, 2 *Wendell*, 374, *and same case*, 6 *Wendell*, 289; *Bristowe vs. Fairclough*, 1 *Man. & Gran.*, 143; *Harding vs. Hale*, 2 *Gray*, 400; *Palmer vs. Temple*, 9 *Adol. & Ellis*, 508, (36 *Eng. Com. Law*, 187;) *Hughes vs. U. States*, 4 *Wallace*, 236; *New England Bank vs. Lewis*, 8 *Pickering*, 113; 1 *Greenl. on Ev.*, secs. 529, 530; *Whitehurst vs. Rogers*, 38 *Md.*, 504.

The notification to the administrator of a contingent claim for indemnity is not within the meaning of sec. 108 of Article 93 of the Code. *Hall's Adm'r vs. Creswell*, 12 *G. & J.*, 48; *Thruston vs. Blackiston*, 36 *Md.*, 501; *Zollickoffer, Ex'r vs. Seth, Adm'r*, 44 *Md.*, 374–75.

STEWART, J., delivered the opinion of the Court.

The suit in this case was brought against Francis H. Orendorff, administrator of John Orendorff, alleging sundry breaches of the bond of the said John, given to the plaintiff, David Utz, to indemnify him against any outstanding debts of the firm of Orendorff & Utz, of which David Orendorff and the plaintiff were the members.

The plaintiff having paid certain claims, alleged to be due by the firm, had, by a former suit against the present defendant, recovered judgment for damages for breaches of the same bond.

Since that recovery, the plaintiff having paid other claims alleged to be due by the said firm, the present suit was instituted for their recovery, the non-payment of which by the defendant was alleged as a breach of the same bond.

It was conceded, that no evidence was offered in the first suit, in regard to the breaches alleged in the existing action.

The first and second pleas of the defendant were the former recovery, to which the plaintiff replied, *nul tiel record.* The seventh plea alleges the former suit to have been brought on the same bond, and that the bond sued on, as the cause of action in that suit, is the same as in this; to this plea the plaintiff demurred.

We shall consider the first, second and seventh pleas together, as they are the material defences, and rest upon somewhat analogous grounds.

The other pleas merely traversed the various alleged breaches.

In the first suit, the plaintiff could only recover upon the breaches of the bond declared on therein, for the payment of any debts of the firm referred to therein.

If the plaintiff, subsequent thereto, paid other debts of the firm, their non-payment by the defendant constituted a different breach.

The suit was for the recovery of damages for the breach of the bond.

The bond, *per se,* was not the matter in issue, but the breach thereof.

The breaches in the two suits being different, although arising out of the same bond of indemnity, it could not be justly contended, that the recovery in the present suit would be for what had been recovered in the former.

There can be no doubt, therefore, that as to the issues made by the first and second pleas, the inspection of the record of proceedings in the two suits, showed that the former suit was for a different breach, and there was no error in the ruling of the Circuit Court as to these pleas.

The seventh plea fails to state, as a material averment, that the breaches alleged in the first suit were the same as in this. Upon bonds for the performance of some duty,

there is nothing in action until there is some breach of the condition—the breach of the bond being the ground or cause of action. *Thruston vs. Blackiston,* 36 *Md.,* 501.

Assuming every allegation of the plea to be true, it did not follow that the plaintiff was barred of recovery.

Several suits on the same bond, for different breaches, may be maintained.

The plea was therefore defective and nugatory, and the Court committed no error in sustaining the demurrer thereto.

There was, in fact, no judgment in the former suit, for the penalty of the bond, but merely the recovery of damages for the breaches, which constituted no defence to this action, if it referred to a different breach of the bond.

The authorities are clear, that the judgment pleaded as a former recovery, must be for the same cause of action; although it will be presumed that the plaintiff recovered *all* that he could then recover in that action. The principle of *res adjudicata* operates as a bar to a second suit, when it is shown, that 'the former recovery was between the same parties, or their privies, and the point in controversy the same in both cases, and determined upon the merits. *Hughes vs. United States,* 4 *Wall.,* 232; *Todd vs. Stewart,* 9 *Q. B.,* 759, (58 *Eng. Com. Law,* 759;) *Lord Bagot vs. Williams,* 3 *B. & Cr.,* 235; *Phillips vs. Berick,* 16 *Johnson,* 137; 16 *N. Y.,* 548.

But the former judgment constitutes no defence, if it be shown to have related to a different breach of the same contract. *Bristowe vs. Fairclough,* 1 *M. & G.,* 143; *Florence vs. Drayson,* 1 *C. B.,* (*N. S.,*) 584; *Butler vs. Wright,* 2 *Wendell,* 369.

Nor will such former judgment be a bar, if the action failed because prematurely brought. *Palmer vs. Temple,* 9 *Ad. & Ell.,* 521. Whilst the Statute of 8 and 9 *Will.* III, *ch.* 11, *sec.* 8, may authorize the entry of a judgment for the penalty of the bond, to stand as security for the

breaches, which may be recovered by *scire facias* thereon, it does not, when taken in connection with the provisions of the 63rd sec. of Art. 75 of the Code, prevent repeated actions on the bond, as breaches thereof may occur.

The Statute 8 and 9 William, which authorizes the *scire facias* on the judgment, for any subsequent breaches, to issue, where there has been a judgment for the penalty of the bond for a breach, has been modified by the provision of the Code, which treats the sum really due as the true debt secured by the penal bond, and so to be pleaded and allowed. That statute was intended to relieve the defendant from resort to a Court of equity, against the recovery of the penalty of the bond for any breach, however small. The provision of the Code renders the intervention of a Court of equity unnecessary.

We find no error in the other rulings on the exceptions to the testimony, or in regard to the respective prayers.

The defendant could not be a witness, where the other party to the contract was dead.

The fifth plea, relied upon as a defence, was the failure of the plaintiff to sue upon the bond, or the claims for the breaches thereof, within nine months after their rejection by the administrator.

The 108th sec. of Art. 93 of the Code, has no reference to a possible or contingent claim that might arise, by further breaches of the bond.

No liability had been incurred at the time of the demand upon the administrator. Any claim was entirely contingent, and could not delay the settlement of the estate, and was not barred by the limitation prescribed in that section, because of its rejection by the administrator, and failure of the plaintiff to bring suit for its recovery within the time prescribed therein.

The rendition of the judgment against the plaintiff by a competent jurisdiction, in favor of the parties having claims against the firm, and their payment by the plain-

tiff, in the absence of proof of fraud or collusion, was *prima facie* evidence, sufficient to establish the defendant's liability, as the administrator aforesaid, under the bond of indemnity.

*Judgment affirmed.*

(Decided 26th March, 1878.)

