# PRESIDENT AND COMMISSIONERS OF THE TOWN OF ELKTON

*vs.*

## ELLSWORTH N. SWEET.

*Res Adjudicata—Mandamus—Non-Existent Office—Town of Elkton.*

One intending to rely upon the judgment in another case, as a final determination of his right to an office, must show that the judgment was rendered in that case after a hearing upon the merits, upon a matter within the jurisdiction of the court, in a proceeding between the same parties or their privies, and that the points upon which he bases his contention were in issue in that case. p. 617

Where the claim or demand is different from the claim or demand in the former proceeding, the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined, and not as to other matters which might have been litigated and determined. p. 618

A judgment, directing a writ of mandamus to issue requiring the election officials to place certain names on the ballot as candidates for an office named, is a mere nullity if there was in fact no such office, and can neither confer rights upon the petitioners for mandamus, nor affect the rights of others.

p. 619

Acts 1914, ch. 71, providing for the election of commissioners for the Town of Elkton, creates no such office as commissioner for the term of one year, and does not provide for the election, in an "even" year, of successors to commissioners elected in an "odd" year. pp. 619, 620

*Opinion filed November 16th, 1922.*

Appeal from the Circuit Court for Cecil County (WICKES, J.).

Petition for mandamus by Ellsworth N. Sweet against the President and Commissioners of the Town of Elkton, a body corporate, to compel respondent to qualify the petitioner as a commissioner. From an order overruling the respondent's demurrer to the petition, and directing the writ to issue, respondent appeals. Reversed.

The cause was argued, together with that next following, before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*Isaac Lobe Straus,* with whom were *Omar D. Crothers* and *Henry A. Warburton* on the brief, for the appellant.

*Joshua Clayton,* for the appellee.

OFFUTT, J., delivered the opinion of the Court.

Elkton, the county seat of Cecil County, is an incorporated town. Its municipal affairs are administered by a board called "The President and Commissioners of the Town of Elkton," and composed of a President and four Commissioners. These offices are created by chapter 71 of the Acts of 1914, and the officials occupying them are elected in accordance with the terms of that act.

The part of that statute relating to their election which is material to this case is as follows: "On the fourth Monday in May, nineteen hundred and fourteen, and every two years thereafter, the duly registered voters shall elect by ballot a president who shall serve for two years from that date, and until his successor is duly elected and qualified, and shall on said fourth Monday in May, nineteen hundred and fourteen, elect four Commissioners, the two of said Commissioners receiving the highest number of votes cast at said election to serve for a term of two years, and until their successors are duly elected and qualified, and the remaining two Commissioners to serve for a term of one year, and until their suc-

cessors are duly elected and qualified, and on said fourth Monday in May in every year thereafter there shall be elected two Commissioners to serve for the term of two years and until their successors are elected and qualified." Under that act the Commissioners of Elkton fall into two classes, each of which contains two members. One class, which for convenience we will call the "odd year" commissioners, are elected in May in every odd year for a term of two years, the other class, which we will call the "even year" commissioners, are elected in the same manner in each even year for a like term.

In May, 1922, Edward T. Lynch and Ellsworth N. Sweet offered themselves as candidates for the term of "one year" for "the office of commissioner" of Elkton at the election to be held under the terms of the act referred to. The President and Commissioners of the Town of Elkton refused to place their names on the ballot, whereupon they applied to the Circuit Court for Cecil County for a writ of mandamus commanding the "Commissioners of the Town of Elkton to place on the ballot to be voted for at the town Election for Commissioners to be held in May, 1922, the names of the petitioners," and that court ordered the writ to issue. No appeal was taken from that order and, at an election held on May 20, 1922, the names of the petitioners were placed on the ballot, and being the only names of candidates for the office of "commissioner for one year" appearing on it, Ellsworth N. Sweet received 179 votes and Edward T. Lynch 171 votes, which were all the votes cast at said election for those offices. They then applied to the President and Commissioners of the Town of Elkton to "swear them in" as such commissioners for one year, and upon the refusal of the President and said Commissioners to do that, they each filed a petition in substantially identical terms in the Circuit Court for Cecil County, asking that court to issue a writ of mandamus commanding the appellant to "qualify" each of them respectively, as a Commissioner of the Town of Elkton

for the term of one year from the fourth Monday in May, 1922. Demurrers to these petitions were overruled and the writ ordered to issue in each case, and from those orders appeals were taken. In this Court the appellee moved to dismiss the appeals on the ground that "the matter was *res adjudicata*" and for other reasons which were not pressed in the oral argument, and which need not be discussed further than to say that they are without any apparent force or merit.

There are, therefore, but two questions before us: (1) Can we say upon the record before us that the appellant is precluded from prosecuting this appeal by any application of the rule of *res adjudicata?* and (2) was the petition for a writ of mandamus in this case sufficient in substance to justify the court in granting the relief prayed?

The motion to dismiss the appeal must be overruled, if for no other reason, because both the original petition and the motion to dismiss are too vague and obscure in their language to present any issue for the consideration of this Court.

If the appellee intended to rely upon the judgment in the election case as a final determination of his right to the office of Commissioner of the Town of Elkton, he should have shown that judgment was rendered in that case after a hearing upon the merits, upon a matter within the jurisdiction of the court, in a proceeding between the same parties or their privies, and that the points upon which he bases his contention in this case were in issue in that case. *Orendorff* v. *Utz,* 48 Md. 303; 15 *R. C. L.* page 949 *et seq.* But the only material allegations in the petition relevant to the question is as follows: "That your petitioner desired to be a candidate at the town election in Elkton, Maryland, which was held on May 22, 1922, for the office of commissioner for one year beginning on the fourth Monday in May, 1922, but that the defendant, The President and Commissioners of the Town of Elkton, refused to accept your petitioner's certificate of candidacy and your petitioner was obliged to apply to this honorable court for a writ of mandamus requiring the

said defendant to place your petitioner's name on the ballot to be voted for at the town election for commissioners to be held as aforesaid, and this honorable court, having heard your petitioner's petition for a writ of mandamus, granted the said writ of mandamus on the 20th day of May, 1922, and the said defendant placed your petitioner's name on the ballot at said election and your petitioner received one hundred and seventy-nine votes," and the only allegations as to it in the motion filed in this Court are that matter was "*res adjudicata.*" There is nothing in these allegations to show that the respondent was ever heard at all, or whether the judgment was upon the merits, or what the precise points in issue in that case were. And yet in cases such as these, where the claim or demand is different from the claim or demand in the former proceeding, "it is well settled that the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined, and not as to other matters which might have been litigated and determined. This rule holds true whether the judgment is used in pleading as a technical estoppel, or is relied on by way of evidence as conclusive *per se.* In all cases it should appear that the first judgment determined the actual question at issue between the parties, and that the precise question was raised and determined in the former suit." 15 *R. C. L.* pg. 973, 4.

But, if we assume that the record does show that the title to the office in question was directly in issue in the former case, the motion to dismiss could not prevail, because it would then also appear from the record that the court did not have jurisdiction of the subject matter involved in that case, and that its judgment therein was a nullity and could not conclude the question presented here. 23 *Cyc.* 1235; 15 *R. C. L.* 316; *Cockey* v. *Cole,* 28 Md. 286; 7 *R. C. L.* 1042.

The decision of the circuit court that the appellee was entitled to the office of Commissioner of the Town of Elkton for the term of one year from the fourth Monday in May,

1922, could only rest upon the fact that such an office existed as a result of some legislative act,  If, in fact, there was no such office and no such statute, certainly the court had no jurisdiction to create the office by any judgment which it could pass, since to give its judgment any such an effect would be to clothe it with the attributes of a legislative act.

And if, in fact, there was no such office, the judgment of the court in the election case, directing that a writ of mandamus issue, requiring the election officials to place the names of the petitioners on the ballot as candidates for such an office, was a mere nullity, and could neither confer rights upon the petitioners or affect the rights of others.  The claim that such an office did exist must have been the subject matter of the election case, as it is of this case, and if there was not then any such an office, there was nothing to which the court's jurisdiction could attach, and it had no jurisdiction in that case.  The whole case comes then to the question of whether there was in May, 1922, any such office as Commissioner of Elkton for the term of one year.  Unless it is created by chapter 71 of the Acts of 1914, there is no such office.  Under that act the only vacancies occurring in the Board of Commissioners in 1922 are in the offices of the two "even year" commissioners, which are not involved in this case.  Elections for the "odd year" commissioners under the statute were to be held only in odd years, and the term of the office was fixed at two years.  The apparent object of this arrangement was to insure at all times the presence on the board of two members having at least one year's experience in administering the affairs of the municipality.  There is no provision in the act for the election of commissioners for a term of one year, nor for electing in any even year successors to the "odd year" commissioners, and when therefore the petition avers that in May, 1922, there were "two vacancies for said office of commissioner of Elkton, the allegation was wholly immaterial because, if the vacancy was in the terms of the "even year" commissioners, then it is concededly not in-

volved in this case, and if it referred to the terms of the "odd year" commissioners, there is no provision in the act for electing successors to the "odd year" commissioners in an even year, and no provision for electing any commissioners for any term other than two years. We have, in dealing with this question, assumed that the offices of commissioner of Elkton were vacant because there were no incumbents in them, but such an assumption is not supported by the allegation of the petition "that there were two vacancies for said office," because the naked charge that there was a vacancy, unaccompanied by a statement of the facts and circumstances upon which that charge was based, is insufficient when the petition itself, being filed against "The President and Commissioners of the Town of Elkton," concedes that some at least of those offices are occupied. We are not told when the supposed vacancies existed or how they occurred, nor is there anything in the petition to indicate the authority under which successors to the "odd year" commissioners could be elected in 1922, or under which any commissioners could be elected for a term of one year. There is no such authority to be found in the statute dealing with the subject, the only source of authority which we can recognize, and without such authority there could be no valid election. We could speculate as to what was meant by the phrase "vacancy" as used in the petition in this case, whether it was a conclusion of law drawn by the appellee from a failure to hold an election, or a matter of fact resting upon the death or resignation of an incumbent, but as the petition is silent upon these matters we do not feel at liberty to go beyond it, but we will deal with the record as we find it.

Since it does not appear that there was any vacancy in the office of Commissioner of Elkton or that there was any such office as Commissioner of Elkton for a term of one year, and since there was no statutory authority for holding an election to fill such supposed office, it follows that the judgment in the election case was void, and that the demurrer to the

petition in this case should have been sustained and the petition dismissed.

Taking this view of the case, it becomes unnecessary to discuss the several points presented in the appellant's brief, and indeed the facts upon which they are predicated are not before us. For instance, it is claimed that an election for a public office must be authorized by constitution or statute, but while the soundness of that position may be conceded, it is immaterial here because, not only is there nothing to show that there was any authority of any kind for the election in this case, but the election was in actual conflict with the terms of the only statute which relates at all to the subject.

For these reasons the *per curiam* opinion, overruling the motion to dismiss the appeal, and reversing the order of the lower court, and dismissing the petition, was heretofore passed by this Court.