# BOARD OF COUNTY COMMISSIONERS OF HOWARD COUNTY *v.* MOXLEY

[No. 169, September Term, 1959.]

*Decided March 17, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Bernard F. Goldberg* and *Reginald D. Malloy,* for appellant.

*Lewis S. Nippard, Jr.,* for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order granting a writ of mandamus directing the County Commissioners of Howard County to reinstate the appellee to the office of police officer of Howard County. The facts were stipulated and are not in dispute.

Moxley was employed as a police officer in Howard County from 1937 to 1946. The minutes of the Board show that on May 29, 1951, he was "appointed Chief of Police for the Sec-

ond Election District for a term of one year." On January 2, 1952, he was "made Chief of Police of Howard County". Three other persons were "named police officers". On May 6, 1952, the Board appointed the following "police officers: E. Russell Moxley, Chief of Police; Harry N. Harrison, Sgt. of Police", and three other persons as "officers". Similar appointments were made on April 28, 1953, "effective as of May 1st, 1953, for a term of one year". Substantially similar appointments were made in 1954, 1955, and 1956. In 1957, similar appointments were made, and referred to as "green bag" appointments. The minutes of April 16, 1958, "effective May 1st, 1958" without mentioning any terminal date, appointed ten "police officers", headed by "E. Russell Moxley, Chief", including a Lieutenant and two Sergeants. But by letter dated March 18, 1959, addressed to "Chief E. Russell Moxley", he was informed that "The majority of the Board of Howard County Commissioners has decided that you will not be appointed when your present term of office expires on May 1, 1959." Counsel for Moxley replied, stating that "it is our position that Chief Moxley remains in office until he resigns, or until he is removed by effective action of the Board * * *." But on April 30, 1959, the Board officially notified Moxley that it was "discontinuing your employment on the Police Force of Howard County, effective April 30, 1959." At the same time the Board wrote counsel for Moxley that it had decided that no hearing was necessary to terminate the employment.

Shortly thereafter, Moxley filed a petition seeking a writ of mandamus directing the Board to reinstate him "to his position as Chief of the Howard County Police Department." After answer and hearing, the trial court on August 5, 1959, dismissed the petition on the ground that there was no such office as Chief of Police. On September 18, 1959, Moxley filed a new petition seeking reinstatement "to the office of police officer." The answer raised the defense of *res judicata,* and also a contention that Moxley was only a *de facto* officer, and not entitled to reappointment as a matter of right, or entitled to a hearing thereon. But the trial court, after hearing, ordered the writ to issue.

On the point of *res judicata* it is clear that the trial court in the first proceeding did not undertake to decide anything more than that the office there sought was non-existent. It is the general rule that *res judicata* is applicable to mandamus proceedings and that a former judgment may be conclusive, at least as to matters in issue and finally adjudicated. See Freeman, *Judgments* (5th ed.), § 826; *President & Comm'rs of Town of Elkton v. Sweet,* 141 Md. 614. Of course, it is the rule in mandamus cases that the writ must issue as prayed, or not at all. *Martin v. Bucklin,* 214 Md. 140, 143; *District Heights v. County Comm'rs,* 210 Md. 142, 146. Cf. Maryland Rule 1240 a 2. The appellee's right to reinstatement as a police officer was not put in issue in the former case, and the trial court did not decide the point. In that case the trial court indicated that it had no power to grant the relief prayed. Cf. *Surrey Inn, Inc. v. Jennings,* 215 Md. 446, 453. The appellants rely strongly upon the case of *Sterling v. Local 438, etc.,* 207 Md. 132, 140, and the proposition there stated that a judgment in an earlier case may be a bar, not only as to matters which were litigated in the earlier case, but as to all matters that could have been litigated, if the second suit is upon the same cause of action. It was further stated that if the second cause of action is different, only those determinations of fact which were actually litigated in the first case are conclusive, citing *Lebrun v. Marcey,* 199 Md. 223, 226. In the instant case we think the former cause of action was different, and although the facts relied on were the same and undisputed, the trial court was not precluded from drawing a different legal conclusion under the pleadings. Cf. *President & Comm'rs of Town of Elkton v. Sweet, supra.* See also Restatement, *Judgments,* § 68, Comment o, p. 309, and Freeman, *Judgments* (5th ed.) §§ 695-698.

The contention that Moxley was a *de facto* officer seems to be based on the premise that he was never appointed as a police officer, but only to the non-existent office of Chief of Police. Prior to 1947, police appointments seem to have been governed by ch. 496, Acts of 1894, not here relevant. Section 231, ch. 666, Acts of 1947, now codified as sec. 169 of Everstine's Code of Public Local Laws of Howard County (1957

ed.), provides that the County Commissioners "shall appoint a police officer or officers, to act as such within any designated locality or localities in Howard County, as they in their discretion deem reasonable and proper for the protection of persons and property within any such designated locality or localities, as the case may be; they shall equip and arm said police officer or officers and make such rules and regulations for their proper government and discipline as they may deem best to promote the efficiency of the said officers." Sec. 232 sets forth in some detail the duties of such officers, as "peace officers in and for Howard County." Section 235 of the same Act (173 of the Local Code) provides: "The said County Commissioners may at any time remove, dismiss or discharge any officer or clerk from police service for any offense against law or good morals, for neglect of duty, inefficiency or breach of discipline."

The appellants do not claim that there was compliance with section 235, nor do they claim that the Board could, in the case of a police officer appointed under section 231, terminate his employment by mere failure to reappoint at the end of any year beginning May 1. In *Street Comm'rs v. Williams,* 96 Md. 232, this Court construed a substantially similar local statute and held that since the statute fixed no term or tenure but authorized removal at any time for cause, police officers appointed thereunder could be removed only for cause, after hearing upon charges preferred. In the instant case there was no evidence of waiver as in *Duffey v. Rickard,* 194 Md. 228, 233. The appellants argue, however, that Moxley was not in fact appointed as police officer, but only as Chief of Police. We think the record does not support the claim. The minutes of the Board from 1952 to 1958 clearly show the appointment of persons, including Moxley, as "police officers". It seems clear, on the authority of the *Williams* case, *supra,* that any attempted or implied limitation of their terms was invalid. The fact that certain designations of rank were placed after some of their names would seem to be immaterial as affecting their status as police officers and to be properly rejected as surplusage. As the trial court observed, it may well be that the Commissioners have the power under section

231, by regulation, to designate certain officers by rank, "to promote the efficiency of said officers," although it was squarely held in the first case that this would not create a separate office.

The appellants further contend that the Commissioners did not act under section 231, but did so under the general authority contained in Code (1957), Art. 25 of the Public General Laws. Sec. 1 of this Article confers upon County Commissioners generally, the power "to appoint road supervisors, * * * and all other officers, agents and servants required for county purpose not otherwise provided for by law or by the Constitution, * * *." Howard County is excluded from sec. 3, enumerating express powers, and especially from sec. 3 (d) dealing with the appointment of county officers and employees, and sec. 3 (q) dealing specifically with county police. Express powers in Howard County are dealt with in sec. 7. Sec. 7 (d), in language identical with sec. 3 (d), *supra,* authorizes the County Commissioners "To provide for the appointment and removal of all county officers and employees except those whose appointment or election is provided for by the Constitution or public general or public local laws." It is true that under sec. 7 (a) the powers conferred by these provisions of the general law are in addition to, and not in substitution for powers otherwise granted to them, but it can hardly be supposed that the legislature, in authorizing the appointment of police officers by local law, and omitting the comparable sec. 3 (q), intended to permit some police officers to be appointed under the local law, and some under the general law. It seems obvious that a police officer, when designated by rank to exercise supervisory powers, does not thereby lose his status as a member of the force. If sec. 7 (d) were construed to cover police officers at all, in view of sec. 231 of the local law, it could hardly be construed to cover only police officers in the higher ranks, and the further reference to "removal" in sec. 7 (d) is not necessarily inconsistent with the removal for cause spelled out in sec. 235. In any event, the prior decision that there was no such office as "chief of police" would seem conclusive here, on the question as to the validity of any appointment *de jure* as "chief", under the general, as well as the

local law. Our holding that Moxley was validly appointed as a police officer under sec. 231, would seem to dispose of the contention that he was a *de facto* officer in any sense of the word.

For the reasons stated we find no error in the order appealed from.

*Order affirmed, with costs.*